# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BOSCAINO COLLISION & TOWING CORP., individually and on behalf of itself and other similarly situated collision repair shops and towing companies located in the City of New York,<br><br>    Plaintiff,<br><br>v.<br><br>RUDOLPH J. MEOLA, LAW OFFICE OF RUDOLPH J. MEOLA, and MEOLA LAW FIRM,<br><br>    Defendants. | **CIVIL CASE NO: 23-cv-7510** |

I, Rudolph J. Meola, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the following is true and correct:

1.  I am an attorney duly licensed in the State of New York, and am the individual named as a defendant in this action filed by Plaintiff, Boscaino Collision & Towing Corp. ("Boscaino"). The "Law Office of Rudolph J. Meola" and the "Meola Law Firm" are not separately incorporated business entities; I operate my law firm as a sole proprietor. Therefore, the lawsuit is improperly directed at two entities that do not separately exist from me as an individual. I make this declaration in support of the motion for sanctions filed herewith.

2.  I am the lead attorney representing the Plaintiff in the pending action referenced in Boscaino's complaint, namely:

    a.  The action captioned <u>VW Credit Inc. v. Boscaino Collision & Towing Corp.</u>, et.al., bearing Index No. 900899-22 in the Supreme Court of the State of New York, Albany County (the "VW Litigation")

As such, I have personal knowledge concerning the activity in that litigation. (The other case mentioned in the complaint with a 2005 index number (1075-05) was closed over a decade ago. To the best of my recollection, the parties settled that case.)

3. The VW Litigation remains pending. Attached as **Exhibit A** is a printout of the docket from that litigation created on or about November 20, 2023 for this Court's reference.

4. On or about February 8, 2022, VW Credit commenced the VW Litigation against Boscaino by way of an Order to Show Cause, along with a petition and verified complaint, seeking to cancel Boscaino's alleged lien on a 2019 Audi vehicle bearing VIN WAUL2AF20KN112497 (the "Vehicle"), recover possession of the Vehicle, obtain damages for conversion of the Vehicle, and obtain damages pursuant to New York GBL § 349 relating to Boscaino's deceptive practices surrounding its alleged garage lien. Attached as **Exhibit B** is a true and correct copy of VW Credit's petition and verified complaint.

5. On or about March 22, 2022, the Court entered an Order and Judgment—a true and correct copy of which is attached as **Exhibit C**—granting VW Credit's petition, canceling Boscaino's lien, ordering that Boscaino return the Vehicle, and preserving VW Credit's damages claims for additional litigation.

6. On or about April 29, 2022, the Albany County Supreme Court entered an Order to Show Cause why Boscaino's be held in contempt of court for refusing to release the Vehicle to VW Credit. Attached as **Exhibit D** is a true and correct copy of that Order to Show Cause.

7. On or about January 4, 2023, VW Credit moved for default judgment against Boscaino, which had still not appeared in the action nearly a full year after it had commenced. Attached as **Exhibit E** is a true and correct copy of an affirmation in support of VW Credit's motion for default judgment (without its exhibits).

8. On or about March 17, 2023, Boscaino finally appeared in the VW Litigation through counsel—who had previously contacted the Court informally to adjourn various deadlines—to oppose the motion for default judgment and file a cross motion seeking various relief. Attached as **Exhibit F** is a true and correct copy of Boscaino's Notice of Cross Motion. Most importantly, Boscaino sought:

2

[A]n order pursuant to CPLR §511(a)(b), changing the place of trial based upon the fact that Albany County is not the property [sic] venue, given that none of the parties reside there, no aspect of the claim or transaction occurred there, Respondent/Defendant THE NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES never responded to the Petition, and Plaintiff never moved for default within a year thus this action should be dismissed *sue sponte* pursuant to CPLR §3215(c), thus making the only proper venue for this action in Kings County, and that Respondent/Defendant THE NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES was not a necessary party to this action, and that Plaintiff only named Respondent/Defendant THE NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES to have jurisdiction in Albany County for Plaintiff's counsel's convenience

9. On or about July 6, 2023, the Albany County Supreme Court issued a Decision and Order granting VW Credit's motion for default judgment, and denying Boscaino's cross motion in all respects. Attached as **Exhibit G** is a true and correct copy of that Decision and Order. Most importantly, it states that:

> [T]o move for change of place of trial upon the ground of improper venue, Boscaino first was required to serve a written demand for change of venue (see CPLR 511 [b]). There is no proof of such a demand here. Therefore, Boscaino is "not entitled to change of venue as of right," and the motion becomes "one addressed to the... court's discretion." (Accardi v Kaufmann, 82 AD3d 803, 803 [2d Dept 2011]; see Callanan Indus., Inc. v Sovereign Constr. Co., 44 AD2d 292, 295 [3d Dept 1974]).
>
> Boscaino proffers no grounds for a discretionary change of venue. Moreover, VW commenced this litigation in Albany County based on the fact that one of the parties, the Department of Motor Vehicles ("DMV"), resides here (*see* Vehicle & Traffic Law § 200 [1]; CPLR 503 [a]; 506 [a]; *State of New York v Quintal, Inc.*, 79 AD3d 1357, 1359 [3d Dept 2010]; *Daimler Trust v Safeway Motors, Inc.*, 2013 NY Slip Op 31965[U], *1 [Sup Ct, Albany County 2013]). VW was entitled to join the DMV as a party to freeze the vehicle's title, correct any unwarranted alterations and restore the title if necessary (see CPLR 1001 [a]; 1002 [b]; *see e.g. Matter of Ally Fin. Inc. v Bill's Towing Serv., Inc.*, 181 AD3d 1045, 1045 n 1 [3d Dept 2020], *lv denied* 35 NY3d 918 [2020]). Indeed, Boscaino served VW with the Notice of Lien & Sale seeking to sell the vehicle through the authority of the DMV (*see* NYSCEF Doc No. 5).
>
> Accordingly, the branch of Boscaino's cross motion seeking change of venue is denied.

See Exhibit G, p. 9.

10. On or about July 27, 2023, the Albany County Supreme Court denied an informal, email request by Boscaino's counsel to appear at an inquest on damages virtually. Attached as **Exhibit H** is a true and correct copy of the Court's letter in this regard.

11. Attached as **Exhibit I** is a true and correct copy of the Court's July 31, 2023 letter responding to *another* informal email request by Boscaino's counsel, wherein the court admonished Boscaino's counsel for failing to confer in good faith with counsel for VW Credit—*i.e.* me, Mr. Meola.

12. Attached as **Exhibit J** is a true and correct copy of a September 6, 2023 order from the Albany County Supreme Court scheduling an inquest on damages to be paid by Boscaino to VW Credit, setting the inquest for October 13, 2023.

13. Attached as **Exhibit K** is a true and correct copy of a September 22, 2023 "litigation hold letter" I received, wherein Boscaino outrageously accused me and my law firm of racketeering—*i.e.* criminal conduct—for placing venue on behalf of my clients in Albany County and serving process via the New York State Department of State on corporate defendants.

14. I took this "litigation hold" letter to be directly connected to the VW Litigation. I received it only a few days after the Albany County Supreme Court scheduled an inquest on damages, and only a few days before a September 26, 2023 settlement conference held by the Third Department, Appellate Division (as part of Boscaino's appeal), which was to be held on September 26, 2023.

15. In other words, the litigation hold letter had no connection to any litigation contemplated in good faith by Boscaino. Rather, it is a blatantly improper attempt to leverage me, VW Credit's attorney, into pressuring VW Credit to compromise its own rights before the appeal settlement conference and the inquest.

16. During the September 26, 2023 settlement conference, an attorney for Boscaino told another attorney from my firm—Mr. John M. Dubuc, Esq.—words to the effect that "If we agreed to their value" of the Vehicle "Rosen Law Firm LLC would agree to not pursue any federal lawsuit, would withdraw the litigation hold letter and treat it like it never happened." Attached as **Exhibit L** is a true and correct copy of an affidavit by John M. Dubuc, Esq. outlining this conversation (which we later filed in the VW Litigation).

17. My firm received further correspondence from Boscaino dated September 26, 2023—a true and correct copy of which is attached as **Exhibit M**—after the aforementioned settlement conference. The letter accuses us of "fail[ing] to appear at the conference… in good faith," and speciously stating that Boscaino "demands reimbursement from VW Credit, Inc. for all of its cost, expenses and attorneys' fees" for that conference, without citation to any law that would require such a payment (because no such law exists).

18. Because of these improper attempts to leverage me against my client, VW Credit, VW Credit moved the Albany County Supreme Court for sanctions against Boscaino and its attorney on or about September 25, 2023. Attached as **Exhibit N** is a true and correct copy of the notice of motion for sanctions; I have omitted the remainder of motion for brevity.

19. As a result of the September 25, 2023 motion for sanctions Boscaino and its attorney took the desperate measure of actually filing the pending Federal Court litigation against me. Specifically, Boscaino and its attorneys needed to (attempt to) demonstrate a connection between their litigation hold letter and an actually contemplated litigation to avoid sanctions. Thus, they filed the Federal Court action they had threatened in the litigation hold letter on or about October 6, 2023, albeit omitting the most egregiously frivolous claim (civil RICO). See Dkt. No. 1, Complaint.

20. The filing of the Complaint in this action solely to avoid sanctions in the VW Litigation is borne out by the fact that October 6, 2023 was *also* the deadline for Boscaino to oppose the motion for sanctions in the VW Litigation. The Complaint in this action was filed only moments before Boscaino's opposition, a true and correct copy of which is attached as **Exhibit O**,[1] and which attached the Complaint in this action.

21. The connection between this litigation and the VW Litigation is further solidified by Boscaino's filings in that action, including but not limited to a rambling letter dated October 11, 2023 wherein Boscaino's lawyer repeats most of the allegations present in the Complaint in this action as supporting a request to appear virtually in the VW Litigation, a true and correct copy of which is attached as **Exhibit P**.

22. Attached as **Exhibit Q** is a true and correct copy of a November 11, 2023 Affirmation of Gary Rosen, Esq. submitted in the VW Litigation.

23. Attached as **Exhibit R** is a true and correct copy of a February 7, 2013 decision and order entered in the matter captioned TMCC v. A. Emies Auto Body, Index No. 5544-12, in the Supreme Court of Albany County.

Dated: November 20, 2023

_____
RUDOLPH J. MEOLA, ESQ.

---

[1] The attachments to the Affirmation at Exhibit O are omitted, as they are copies of the litigation hold letter and the complaint in this action.