# EXHIBIT B

STATE OF NEW YORK
SUPREME COURT          ALBANY COUNTY
-----------------------------------------------------------------
In the Matter of:

    VW CREDIT INC.,

        Petitioner(s)/Plaintiff(s),      Verified Petition/Complaint

        -against-

    BOSCAINO COLLISION & TOWING CORP., and THE
    NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES,

        Respondent(s)/Defendant(s).
-----------------------------------------------------------------

1. VW Credit, Inc., is a business entity duly authorized to conduct business in New York and operating under the trade name Audi Financial Services, hereinafter referenced as "petitioner/plaintiff".

2. This petition and complaint is submitted as part of petitioner/plaintiff's challenge to a garage lien claim impressed without prior Court review by respondent/defendant, **Boscaino Collision & Towing Corp.** (hereinafter "the garage") against a vehicle in which petitioner/plaintiff holds the first priority recorded lien. Petitioner/plaintiff also challenges the garage's ability to sell the vehicle and to request title from The Department of Motor Vehicles without prior Court approval.

3. <u>The New York State Department of Motor Vehicles is a resident of Albany County and the relief sought against said respondent/defendant is administrative for purpose of restraining (freezing) the title to the vehicle pending the determination of this dispute and correcting the title to the extent title has been altered by the garage's attempts to alter the title maintained by the Department. No damages of any kind are sought against the Department of any division of the State of New York.</u>

## BACKGROUND

4. Petitioner/Plaintiff holds the first priority recorded lien in the vehicle against which the garage has asserted a garageman lien. A copy of the title confirming petitioner/plaintiff's interest is attached as Exhibit 1. A copy of the garage's lien claim is attached hereto as Exhibit 2.

5. Petitioner/plaintiff did not consent to any charges being placed against the vehicle and specifically did not consent to any storage charges.

6. The garage failed to provide any substantiation for its purported lien claim.

7. Petitioner/Plaintiff is entitled to immediate possession of the vehicle.

## PETITION FOR RECOVERY OF PROPERTY

8. A garageman bears the burden of establishing all of the elements of such a lien. (See: Phillips v Catania, 155 AD 2d 866; Slank v Dell's Dodge Corp., 46 AD 2d 445) The garage cannot meet its burden and its claim is invalid for the following reasons:

    a. the garage has not presented any proof showing that petitioner/plaintiff or the owner consented to any charges;

    b. the garage's claim for storage is not based upon a specific storage agreement;

    c. the garage failed to provide the notices required by Lien Law 184(2), (5), Vehicle and Traffic Law 2129(c), Vehicle and Traffic Law 1224.3(b) and Commissioner Regulations Part 18.3(a).

    d. the garage has not shown that the vehicle owner specifically agreed to any charges against the vehicle.

    e. the garage has not presented documentation for its charges as required by regulations nor that it is licensed;

    f. the garage failed to mitigate its damages by notifying petitioner/plaintiff of the charges;

    g. the garage has not followed the requirements of Lien Law 201 and 202;

    h. the garage's actions violate Article I, Section 6, of the New York State Constitution in that the garage attempted to take and subordinate Petitioner/plaintiff's valid lien interest without Due Process.

      i. the garage's lien cannot exceed the vehicle value.

9. Accordingly, petitioner/plaintiff seeks an order pursuant to Lien Law 201-a declaring the garage lien and claim to be void, and all actions based on the void claim to be void as well (including any lien and lien sale) and determining that the proper amount to redeem the vehicle by petitioner/plaintiff is zero dollars, and directing that the garage release the vehicle to petitioner/plaintiff upon demand and directing that the New York State Department of Motor Vehicles reject any application for title or lien release based upon the garage's lien claim and suspend any title that may have been issued based upon such lien claim, and restore title to the title that existed prior to alteration by the garage.

### COMPLAINT: CAUSE OF ACTION FOR DECLARATORY RELIEF

10. Petitioner/plaintiff seeks a declaration that:

    a) the garage has failed to establish a valid Lien Law 184 claim;

    b) the charges underlying the garage's lien claim are unenforceable against petitioner/plaintiff;

    c) all actions by the garage to conduct an auction or sale of the subject vehicle based upon the garage's lien claim are void ab initio;

    d) amount payable by petitioner/plaintiff to redeem the subject vehicle under Lien Law 203 is $0.00; and

    e) the garage's actions violate Article I, Section 6, of the New York State Constitution in that the garage attempted to take and subordinate Petitioner/plaintiff's valid ownership interest without Due Process.

### COMPLAINT: CAUSE OF ACTION FOR REPLEVIN
### [DETERMINE SUPERIOR POSSESSORY RIGHT (CPLR 7101)]

11. Petitioner/Plaintiff's interest in the vehicle was perfected prior to the garage's possession of the vehicle.

12. Petitioner/Plaintiff has an immediate right to possess the vehicle by reason of default on the contract held by petitioner/plaintiff relative to the vehicle.

13. The garage may lawfully maintain possession of the vehicle against Petitioner/Plaintiff's interests only if the garage establishes a garageman's lien in the vehicle.

14. CPLR 7101 authorizes an action to determine the superior possessory right to the vehicle to be declared under CPLR 3001.

15. Petitioner/Plaintiff's right to possession of the vehicle is superior because the garage cannot establish a valid garage lien claim.

## COMPLAINT: CAUSE OF ACTION FOR CONVERSION

16. The garage possessed the subject vehicle against the wishes of said petitioner/plaintiff by reason of its wrongfully detaining the vehicle despite demands for release and in claiming a garage lien in the vehicle.

17. The garage's lien claim is excessive in that all or a portion of the charges underlying the lien claim are not valid charges.

18. The garage's lien claim is invalid as the garage failed to fulfill the statutory requirements needed in order to create a valid lien the attempt to sell the vehicle did not comply with all legal requirements.

19. The garage's actions in asserting an excessive and invalid lien and in attempting to sell the vehicle without complying with law constitute an unlawful exercise of dominion and control over plaintiff's property interest in the vehicle. (See: BMW Bank v G&B Collision, 46 AD$^{3d}$ 875)

20. The garage's act of conversion has damaged petitioner/plaintiff to the extent of loss the use of the value of the vehicle, the value of the vehicle itself and depreciation caused to the vehicle during the period of the garage's detention of the vehicle from petitioner/plaintiff.

21. As damages for conversion, petitioner/plaintiff is entitled to actual damages and attorney's fees incurred in its efforts to recover the vehicle.

22. Petitioner/Plaintiff demands punitive damages to the extent that the garage has willfully and wantonly caused harm to Petitioner/Plaintiff by detaining the vehicle in defiance of a court order to release same to Petitioner/Plaintiff, by asserting a knowingly false lien for work not actually performed, by signing a Notice of Lien and Sale containing false statements, or by intentionally damaging the vehicle or removing parts from the vehicle without authority of Petitioner/Plaintiff.

### COMPLAINT: CAUSE OF ACTION UNDER GBL 349

23. The garage is a consumer-oriented business open to the general public and its practices constitute consumer-oriented conduct impacting any consumer who may conduct business with the garage. [See: M.V.B. Collision, Inc. v Allstate Ins. Co., 728 F. Supp.$^{2d}$ 205, 221 (E.D.N.Y. 2010)]

24. A finance company has standing to assert a GBL 349 cause of action relative to a garage's attempt to collect improper or excessive fees by using the garageman's lien procedures. [See: Mtr.of Toyota Lease Trust v All County Towing, 2020 NY Slip. Op. 51038 (u)]

25. The garage asserted that Petitioner/Plaintiff had lost its right to recover the vehicle from the garage by reason of a garageman's lien claimed by the garage as security for certain fees and charges.

26. The fees and charges underlying the garage's garageman's lien claim were improper, excessive and/or invalid and known to be such by the garage.

27. The garage's actions in attempting to pass off improper, excessive and/or invalid fees as legitimate ones was deceptive and misleading.

28. The garage's actions in willfully exaggerating its purported garageman's lien claim were deceptive and misleading.

29. The garage's actions in presenting it garageman's lien claim as one that superseded Petitioner/Plaintiff's rights was deceptive and misleading.

30. The garage's actions in asserting that Petitioner/Plaintiff was required to pay its improper, excessive and/or invalid fees in order to redeem the vehicle under Lien Law 203 was deceptive and misleading.

31. The garage's actions in representing that Petitioner/Plaintiff would have to comply with the garage's demands or face loss of the vehicle by lien sale was deceptive and misleading.

32. The garage's actions in representing that it was adhering to the requirements of the Lien Law sale procedures when in truth, the garage was not following such procedures, was deceptive and misleading.

33. Petitioner/Plaintiff suffered injury as a result of the garage's deceptive actions in that Petitioner Plaintiff was denied possession of the vehicle (having a value of several thousand dollars). But for the garage's deceptive actions, Petitioner/Plaintiff would have recovered the vehicle by redeeming the vehicle for any lawful, proper and legitimate sums.

34. Petitioner/Plaintiff has suffered injury due to the depreciation occurring to the vehicle during the period that the improperly detained it using its deceptive and misleading practices.

35. Petitioner/Plaintiff has suffered injury as a result of the garage's deceptive actions in that the garage's improper detention of the vehicle has disrupted the stream of payments due to Petitioner/Plaintiff on the contract underlying its interest in the vehicle.

36. Petitioner/Plaintiff has suffered injury as a result of the garage's deceptive actions by reason of the attorneys fees and court costs necessarily incurred in protecting its interests in seeking redress of the garage's deceptive and misleading actions.

37. Petitioner/Plaintiff seeks treble damages as the garage's unlawful and deceptive practices were pursued with actual knowledge that they were wrongful.

**WHEREFORE**, petitioner/plaintiff respectfully prays for the annexed order to show cause and an order pursuant to CPLR 3001, 7101 and Lien Law 201-a, 203 dismissing the garage lien claim and underlying charges as invalid or excessive, declaring the lawful amount of the purported lien to be zero dollars and directing that the garage shall immediately turn over the subject vehicle to petitioner, restore title in the event that the garage has altered title and authorizing entry of judgment on the causes of action constituting the complaint.

Dated: Albany, New York
January 24, 2022

VW CREDIT, INC.

By: Law Offices of Rudolph J. Meola
1822 Western Avenue
Albany, New York 12203
(518) 713-2030

## CORPORATE VERIFICATION

STATE OF ILLINOIS)
COUNTY OF LAKE) ss.:

**Lucy Perez** being duly sworn, deposes and says:

I am duly authorized by **VW Credit, Inc.** the petitioner/complainant in the within action; I have read the foregoing petition and complaint and know the contents thereof and the same is true to my own knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters, I believe it to be true. This verification is made by me because the petitioner is a corporation and I am duly authorized to execute this verification as part of my regular employment duties. The grounds of my belief as to the matters not stated upon my knowledge are the books and records of the corporation.

_____
Lucy Perez

STATE OF ILLINOIS)
COUNTY OF LAKE) ss:

On this 24th day of January in the year 2022 before me, the undersigned, personally appeared **Lucy Perez**, the subscribing witness to the foregoing instrument, with whom I am personally acquainted, who, being by me duly sworn, did depose and say that he/she is currently in the City described below; that he/she knows said witness to be the individual described in and who executed the foregoing instrument; that said subscribing witness was present and saw said witness execute the same; that said witness at the same time subscribed his/her name as a witness thereto; and that said subscribing witness made such appearance before the undersigned in Libertyville, IL.

The undersigned does hereby certify that he/she is a person duly authorized to administer an oath [for purposes of acknowledging the signing of a legal affidavit or document] under one or more of the following: a) the Law of Illinois, b) the Law of The United States, c) the Law of the State of New York, USA. The undersigned does hereby certify that he/she administered to the subscribing witness an oath of a form calculated to awaken the conscience and impress upon the mind of the subscribing witness that the statements so made by the subscribing witness are the truthful and accurate. The undersign certifies that the acknowledgment of the subscribing witness was taken in the manner prescribed by such law hereinabove described; and that it duly conforms with such laws and is in all respects valid and effective in such state.

_____
NOTARY PUBLIC

MADELINE GRZANICH
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
September 17, 2025