# EXHIBIT E

STATE OF NEW YORK
SUPREME COURT      ALBANY COUNTY
-----------------------------------------------------------

In the Matter of the
Special Proceeding Application of

VW CREDIT INC.,

      Petitioner(s)/Plaintiff(s),

-against-

BOSCAINO COLLISION & TOWING CORP., and
THE NEW YORK STATE DEPARTMENT OF
MOTOR VEHICLES,

      Respondent(s)/Defendant(s).
-----------------------------------------------------------

**Index No.:** 900899-22

**AFFIRMATION IN SUPPORT OF DEFAULT JUDGMENT**

Judge Assigned:
Hon. Richard M. Platkin

**JOHN M. DUBUC**, under penalty of perjury:

1. I am the attorney for Petitioner/Plaintiffs (hereinafter "VW"). I am familiar with the facts set forth in this affirmation from my own knowledge or from the information contained in our file. This affirmation is submitted in support of VW's motion for a default judgment against Boscaino Collision & Towing Corp. (hereinafter "the garage") and award of damages pursuant to 22 NYCRR 202.46.

## SUMMARY OF THE CASE

2. This case arises from a garage lien dispute concerning a 2019 Audi in which VW holds the duly perfected security interest/lien and which the garage has converted by asserting an improper and wrongful garage lien claim. As a result, VW was required to engage in litigation with the garage to recover the vehicle.

## THE GARAGE IS IN DEFAULT

3. A copy of the verified petition/complaint containing VW's four causes of action against the garage is filed under NYSCEF Doc. No. 1.

4. On February 9, 2022, this Court issued an order directing the garage to release the vehicle. (NYSCEF Doc. No. 10) The order was duly served. (NYSCEF Doc. No. 12) Thereafter, an Order and Judgment was entered cancelling the lien claim. (NYSCEF Doc. No. 14) The Order and Judgment was duly served with notice of entry on March 31, 2022. (See: Exhibit

1) The garage has refused to release The Subject Vehicle. Thus, the garage's default is law of the case.

## JUDGMENT IS PROPERLY GRANTED

### Liability Is Established

5. As noted by the Court of Appeals in Woodson v Mendon Leasing Corp., 100 NY$^{2d}$ 62, 71, "...defaulters are deemed to have admitted all factual allegations of the complaint and all reasonable inferences that flow from them."

6. The verified complaint asserts that VW holds the first-priority, duly perfected security interest and lien in The Subject Vehicle. (See: complaint par. 4)

7. The complaint asserts that VW had the right to take possession of its vehicle by reason of a default. (See: complaint par. 7)

8. The complaint asserts that the garage has no valid claim to detain the vehicle from VW for numerous specific reasons. (See: complaint par. 8)

9. A secured party has the right to take possession of its collateral upon default as a matter of law. (See: UCC 9-609- "Secured Party's Right to Take Possession After Default")

10. The secured party's right to take possession after default may be asserted against a third party in possession which may not properly refuse the secured party's demand for delivery. [See: Bank of India v Weg & Myers, 257 AD$^{2d}$ 183, 191 (1st Dept. 1999); SK Global America, Inc. v John Roberts Inc., 6 AD$^{3d}$ 179, 180 (1st Dept. 2004)]

11. Here, VW has established that it held a security interest in the subject 2019 Audi at the time the garage obtained possession of the vehicle and this Court has cancelled the garage lien claim of Boscaino Collision & Towing Corp.. (NYSCEF Doc. No. 14)

12. Based upon the foregoing, VW has established its possessory right under UCC 9-609 which is fully enforceable against the garage as a third-party in possession. (See: Bank of India v Weg & Meyers, Supra)

13. VW's first cause of action in the complaint is for declaration that the garage has no lien or claim to the vehicle. The garage has the burden of proving a lien and its failure to prove all elements renders its claim "null and void." [See: VW Credit Inc. v A-1 Towing, 163 AD$^{3d}$ 1330, 1332 (3rd Dept. 2018)] Thus, the garage has admitted, on VW's first cause of action, that the garage has failed to establish a Lien Law 184 claim and all actions taken to sell the vehicle are void *ab initio*. Consequently, judgment should be awarded declaring such relief in favor of VW.

14. VW's second cause of action is to establish that VW's right to possession is superior to any possessory claim by the garage. VW has established it right to the vehicle which the garage is deemed to admit. Thus, judgment should be awarded directing that the garage deliver The Subject Vehicle to VW forthwith.

15. VW's third cause of action is for conversion. A garage which asserts an excessive or improper garage lien commits conversion. [See: Grant Street Construction v Cortland Paving, 55 AD$^{3d}$ 1106, 1107 (3rd Dept. 2008); BMW Bank v G&B Collision Ctr. Inc., 46 AD$^{3d}$ 875, 876] Further, a garage which attempts to use a garage lien to detain or sell a vehicle without following the strict requirements of the lien law commits conversion. [(See: Ukryn v Morgan Marine, 100 AD$^{2d}$ 649, 650 (3rd Dept. 1984); Ingram v Machel & Jr. Auto repair, Inc., 148 AD$^{2d}$ 324, 325 (1st Dept. 1989)]

16. The garage's act of detaining the vehicle from VW constitutes conversion which is admitted by the garage. Pursuant to the Court's order declaring the garage to be in default, such order eliminates any defense that could have been raised to justify dominion over the vehicle. (See: Woodson v Mendon Leasing Corp., 100 NY$^{2d}$ 62) Accordingly, the garage cannot now claim that it had a right to possess the vehicle which was superior to VW's right. Any such defenses are waived by the garage's default.

## DAMAGES BASED UPON THE VEHICLE VALUE

17. Pursuant to 22 NYCRR 202.46, Plaintiff may establish its *prima facie* claim to damages by affidavit in narrative form.

18. A determination of damages is needed for finality and res judicata.

19. Filed at NYSCEF Doc. No. 19 is the NADA page obtained from this Firm's NADA subscription showing an average trade-in value of $42,850.00.

20. The Court may take judicial notice of the NADA values and may award damages at the higher end of the range of values presented. (See: Exhibit 2, Memorandum of Law)

## CONCLUSION

21. Plaintiff requests that damages be awarded of $42,850.00 based upon the conversion of the vehicle.

## CERTIFICATION

John M. Dubuc, an attorney duly admitted to practice law in the Courts of the State of New York, certifies that the total word count in the above affirmation, excluding the recognized exceptions, is 1,319 and the word count was the product of the word processing system used to prepare this document.

Dated: Albany, New York
December 8, 2022

LAW OFFICE OF RUDOLPH J. MEOLA

_____
John M. Dubuc
Attorney for Petitioner/Plaintiff
1822 Western Avenue
Albany, New York 12203
Phone: (518) 713-2030