# EXHIBIT G

STATE OF NEW YORK
SUPREME COURT

COUNTY OF ALBANY

In the Matter of the
Special Proceeding Application of

VW CREDIT INC.,

                        Petitioner/Plaintiff,

    -against-

BOSCAINO COLLISION & TOWING CORP.,
and THE NEW YORK STATE DEPARTMENT
OF MOTOR VEHICLES,

                  Respondent(s)/Defendant(s).

**DECISION & ORDER**

Index No.: 900899-22

(Judge Richard M. Platkin, Presiding)

APPEARANCES:

    LAW OFFICE OF RUDOLPH J. MEOLA
    *Attorneys for Petitioner/Plaintiff*
    (John M. Dubuc, of counsel)
    1822 Western Avenue
    Albany, New York 12203

    ROSEN LAW LLC
    *Attorneys for Boscaino Collision & Towing Corp.*
    (Gary Rosen, of counsel)
    216 Lakeville Road
    Great Neck, New York 11020

Hon. Richard M. Platkin, A.J.S.C.

This is a hybrid Lien Law § 201-a proceeding/action for replevin, conversion and declaratory relief brought by petitioner/plaintiff VW Credit Inc. ("VW") against respondent/defendant Boscaino Collision & Towing Corp. ("Boscaino" or "garage") concerning a certain 2019 Audi motor vehicle (*see* NYSCEF Doc No. 1 ["Petition/Complaint"]).

By Order to Show Cause dated February 9, 2022 (*see* NYSCEF Doc No. 10 ["OTSC"]), VW brought on the special proceeding portion of the case, challenging the validity of a garage lien claimed by Boscaino against the subject vehicle (*see* NYSCEF Doc No. 5). The OTSC included a temporary restraining order ("TRO") directing Boscaino to turn over the vehicle to VW on demand. The OTSC was made returnable on March 18, 2022.

Boscaino did not answer the OTSC, and the Court entered a default judgment on March 22, 2022 that canceled any lien claimed by Boscaino, directed that the vehicle be returned to VW and released the bond (*see* NYSCEF Doc No. 14 ["Order & Judgment"]). VW served the Order & Judgment with notice of entry upon Boscaino on March 31, 2022 (*see* NYSCEF Doc No. 27).

By notice of motion dated December 29, 2022, VW now moves pursuant to CPLR 3215 and 22 NYCRR 202.46 for entry of a default judgment against Boscaino on its conversion claim based on Boscaino's alleged failure to return the vehicle upon its demand.[1]

Boscaino opposes the motion and cross-moves to dismiss the Petition/Complaint under CPLR 3211 (a) (1), (7) and (8), arguing that the pleading fails to state a cause of action and Boscaino was not properly served with process. Alternatively, Boscaino moves under CPLR

---

[1] VW previously moved to hold Boscaino in contempt of court for its alleged failure to return the vehicle (*see* NYSCEF Doc No. 23), but later withdrew the motion (*see* NYSCEF Doc No. 24).

2

5015, 3012 (d) and 2004 to vacate the Order & Judgment, arguing that it possesses a reasonable

excuse for its default and a meritorious defense. Boscaino also seeks an order pursuant to CPLR

511 changing the place of trial to Kings County.

## DISCUSSION

### A.     VW's Motion for Default Judgment (Conversion)

The March 22, 2022 Order & Judgment: (i) canceled the garage lien asserted by Boscaino

in its October 22, 2021 Notice of Lien & Sale (*see* NYSCEF Doc No. 5); (ii) directed the garage

to return the vehicle to VW; and (iii) preserved VW's right to pursue conversion damages "to

abide the circumstances." As it is undisputed that the garage never returned the vehicle to VW

(*see* NYSCEF Doc No. 26 ["Dubuc Aff."], ¶ 4; NYSCEF Doc No. 44; *see also* NYSCEF Doc

No. 35 ["Boscaino Aff."], ¶¶ 10, 13; NYSCEF Doc No. 37), the Court is satisfied that VW's

right to pursue conversion damages has been triggered.

A claim for conversion "requires a showing that the defendant exercised unauthorized

dominion over the plaintiff's property to the exclusion of the plaintiff's rights" (*Matter of White*

*v City of Mount Vernon*, 221 AD2d 345, 346 [2d Dept 1995] [citation omitted]; *see Colavito v*

*New York Organ Donor Network, Inc.*, 8 NY3d 43, 50 [2006]). In the garage lien context,

"[r]efusing to release property based upon the improper assertion of a lien can give rise to a

cause of action for conversion" (*Grant St. Constr., Inc. v Cortland Paving Co., Inc.*, 55 AD3d

1106, 1107-1108 [3d Dept 2008]; *see Phillips v Catania*, 155 AD2d 866, 866 [4th Dept 1989]).

As observed by the Court of Appeals, "defaulters are deemed to have admitted all factual

allegations contained in the complaint and all reasonable inferences that flow from them"

(*Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 71 [2003]). To this end, VW's verified

3

Petition/Complaint alleges that VW is a first-priority lienholder, Boscaino had no right to detain the vehicle based on an invalid garage lien, and Boscaino refused to release the vehicle upon VW's demand (*see* Petition/Complaint, ¶¶ 1-22). And in the Order & Judgment, the Court canceled Boscaino's claimed garage lien based on these unchallenged allegations.

VW has thus established Boscaino's liability for conversion of the vehicle (*see Grant St. Constr.*, 55 AD3d at 1108; *Matter of BMW Bank of N. Am. v G & B Collision Ctr., Inc.*, 46 AD3d 875, 876-877 [2d Dept 2007]; *Matter of Manufacturers & Traders Trust Co. v Outboard Barn Inc.*, 66 Misc 3d 1205[A], 2019 NY Slip Op 52134[U], *3 [Sup Ct, Albany County 2019]).

The measure of damages is "the value of the property at the time and place of conversion, plus interest" (*Fantis Foods v Standard Importing Co.*, 49 NY2d 317, 326 [1980]; *see Grant St. Constr.*, 55 AD3d at 1108; *Express Frgt. Sys. v Walter*, 219 AD2d 813, 814 [4th Dept 1995]; *Phillips*, 155 AD2d at 867; *cf. Michalowski v Ey.*, 7 NY2d 71, 74-75 [1959]; *Matter of Toyota Lease Trust v All County Towing*, 68 Misc 3d 1221[A], 2020 NY Slip Op 51038[U], *2 [Sup Ct, Albany County 2020]).

VW initially sought damages in the sum of $42,850, representing the NADA value of the vehicle (*see* Dubuc Aff., ¶¶ 17-21), but Boscaino responded with proof that the vehicle had been "destroyed when [the garage] obtained possession" thereof (Boscaino Aff., ¶ 13; *see* NYSCEF Doc No. 37 [photographs]). VW now relies on an affidavit of its sales manager, who, based "solely" on review of the garage's photographs, opines that "VW could sell the vehicle at auction for at least $8,000" (NYSCEF Doc No. 45).

The movant for a default judgment is authorized to submit "properly executed affidavits or affirmations as proof of damages" (CPLR 3215 [b]; *see also* 22 NYCRR 202.46). However,

4

the VW sales manager has not been shown to have any expertise in valuing a vehicle deemed a total loss, and his opinion of value is conclusory and unsupported.

Accordingly, VW has not established its conversion damages with "reasonable accuracy" (*Ahles v Aztec Enters.*, 120 AD2d 903, 905 [3d Dept 1986], *lv denied* 68 NY2d 611 [1986]), and the issue of damages must be resolved at an inquest (*see* CPLR 3215 [b]; *see also Lloyd v Imperial Auto Collision, Inc.*, 120 AD2d 354, 355 [1st Dept 1986]).

**B.     Boscaino's Cross Motion to Dismiss/Vacate**

Boscaino cross-moves pursuant to CPLR 3211 (a) (1), (7) and (8) to dismiss the Petition/Complaint, arguing that the pleading fails to state a cause of action and Boscaino was never properly served with process. In the alternative, the garage seeks vacatur of the Order & Judgment under CPLR 5015 (a) (1), 3012 (d) and 2004, arguing that it has a reasonable excuse for failing to respond to the OTSC and a meritorious defense to the Petition/Complaint.

Initially, Boscaino's motion under CPLR 3211 is improper in light of its default. "Having failed to interpose an answer or file a timely pre-answer motion" to the Petition/Complaint by the deadline set forth in the OTSC, Boscaino cannot properly invoke its defenses "without first vacating [its] default and obtaining leave to serve a late answer" (*U.S. Bank N.A. v Gilchrist*, 172 AD3d 1425, 1426-1428 [2d Dept 2019]; *see* CPLR 3211 [e]). Nonetheless, the Court will consider Boscaino's ground for dismissal based on lack of personal jurisdiction in the context of its vacatur motion.

In seeking vacatur under CPLR 5015, Boscaino essentially invokes two grounds: (i) lack of personal jurisdiction due to improper service of process (*see* CPLR 5015 [a] [4]); and (ii) excusable default (*see id.* [a] [1]).

5

Beginning with the jurisdictional issue (*see Cipriano v Hank*, 197 AD2d 295, 298 [1st Dept 1994]), which may be invoked at any time (*see State of N.Y. Higher Educ. Servs. Corp. v Sparozic*, 35 AD3d 1069, 1070 [3d Dept 2006], *lv dismissed* 8 NY3d 958 [2007]), Boscaino challenges the process server's averment that the garage was served on February 15, 2022 "by personally delivering to and leaving [the initiatory papers] with Mr. Carlos," whom the process server "knew . . . to be the Authorized Party" (NYSCEF Doc No. 12 [emphasis omitted]).

Under CPLR 311, a corporation may be served by delivering process "to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service" (CPLR 3211 [a] [1]).

"A process server's affidavit stating that personal service was effected by delivering a copy of the summons with notice to an authorized agent, and providing a description of that person, constitutes *prima facie* evidence of proper service pursuant to CPLR 311" (*Purzak v Long Is. Hous. Servs., Inc.*, 149 AD3d 989, 991 [2d Dept 2017] [citations omitted]).

Further, "[i]n tendering service, the process server may rely upon the corporation's employees to identify the individuals authorized to accept service," and "[a]s long as the process server's reliance on corporate personnel is reasonable, the defendant may not later complain that it lacked notice even if the complaint was mistakenly delivered to a person who was not authorized to accept service" (*Old Republic Ins. Co. V. Pac. Fin. Services of Am., Inc.*, 301 F3d 54, 57 [2d Cir 2002], citing *Fashion Page, Ltd. v Zurich Ins. Co.*, 50 NY2d 265, 271-274 [1980]).

According to the affidavit of service sworn to by Peter Stoute, "on 2/15/2022 at 10:25 AM at 766 Rockaway Pkwy, Brooklyn, NY 11236, deponent served the within Summons, Order

6

to Show Cause, Bond, Petition/Complaint, TRO Affirmation, and Notice of Electronic

Filing/Index # and Date Filed by personally delivering to and leaving with Mr. Carlos for

Boscaino Collision[] & Towing Corp., a true copy thereof, and that deponent knew the person so

served to be the Authorized Party" (NYSCEF Doc No. 12 [emphasis omitted]). The process

server also provided a detailed description of the individual who was served (see id.).

In rebuttal, the garage relies on the affidavit of its manager, who avers that: (1) "Mr.

Carlos is a car mechanic for [Boscaino] and is not an officer, director, managing or general agent,

or cashier or assistant cashier or . . . any other agent authorized by appointment or by law to

receive service"; (2) "the only managing/authorized agent to accept service is Edward

Boscaino"; and (3) the garage "does not have a cashier" (Boscaino Aff., ¶¶ 17-18).

Absent from the garage's proof, however, is any discussion of what Mr. Carlos told the

process server regarding his authority to accept service for Boscaino. The garage's manager does

not state that he was present when Mr. Carlos was served, thereby lacking personal knowledge of

what transpired between Mr. Carlos and the process server. And the garage has not submitted an

affidavit from Mr. Carlos setting forth his version of events.

As such, the Court concludes that Boscaino has failed to rebut the process server's

affidavit, thereby obviating the need for a traverse hearing (see *Cellino & Barnes, P.C. v Martin,*

*Lister & Alvarez, PLLC*, 117 AD3d 1459, 1460 [4th Dept 2014], *lv dismissed* 24 NY3d 928

[2014]; *see also Pain Mgt. Ctr. of N.J., P.C. v All Car Rent-A-Car*, 57 Misc 3d 138[A], 2017 NY

Slip Op 51310[U], *2 [App Term, 2d Dept 2017]; *cf. Bevilacqua v Bloomberg, L.P.*, 70 AD3d

411, 412 [1st Dept 2010]; *Dunn v Pallett*, 42 AD3d 807, 809 [3d Dept 2007]).

7

Turning to the branch of the garage's cross motion seeking vacatur under CPLR 5015 (a) (1), Boscaino offers no excuse as to why it failed to timely respond to the Petition/Complaint by the deadline set forth in the OTSC, other than arguing that it was not properly served (*see* NYSCEF Doc No. 46, ¶ 21).

Nor has the garage proffered proof of a potentially meritorious defense. While the towing of the vehicle may have been lawful, Boscaino has failed to proffer proof of the owner's consent to *storage* of the vehicle (*see* NYSCEF Doc No. 5; *Matter of Daimler Trust & Daimler Tit. Co. v SG Autobody LLC*, 112 AD3d 1123, 1124 [3d Dept 2013]). Further, the garage has not presented proof that it was duly registered as a repair shop on September 22, 2021 (*see* Boscaino Aff., ¶ 10), when the vehicle was towed (*see* Lien Law § 184 [4]; *Matter of Santander Consumer USA, Inc. v A-1 Towing Inc.*, 163 AD3d 1330, 1332 [3d Dept 2018], *lv denied* 32 NY3d 910 [2018]). The towing license relied upon by the garage is not proof of the garage being registered as a *repair shop*, and even if it was, the license was issued five days after Boscaino towed the vehicle (*see* NYSCEF Doc No. 36).

Accordingly, the branch of the garage's cross motion seeking vacatur of the Order & Judgment is denied.

**C.  Venue**

Having concluded that an inquest on VW's damages is required, the Court must address the branch of Boscaino's cross motion seeking to change the place of trial to Kings County.

The garage moves under CPLR 511 (a) and (b) (*see* NYSCEF Doc No. 33), arguing that it is entitled to change of venue as of right because "Albany County is not the proper venue as no actual parties are domiciled here, no aspect of the claim or transaction occurred there, and most

8

importantly the Automobile located in Kings County" (NYSCEF Doc No. 34 ["Rosen Aff."], ¶¶ 43-44; *see* CPLR 503 [a]; *see also* CPLR 510 [1]).

However, in order to move for change of place of trial upon the ground of improper venue, Boscaino first was required to serve a written demand for change of venue (*see* CPLR 511 [b]). There is no proof of such a demand here. Therefore, Boscaino is "not entitled to change of venue as of right," and the motion becomes "one addressed to the . . . court's discretion" (*Accardi v Kaufmann*, 82 AD3d 803, 803 [2d Dept 2011]; *see Callanan Indus., Inc. v Sovereign Constr. Co.*, 44 AD2d 292, 295 [3d Dept 1974]).

Boscaino proffers no grounds for a discretionary change of venue. Moreover, VW commenced this litigation in Albany County based on the fact that one of the parties, the Department of Motor Vehicles ("DMV"), resides here (*see* Vehicle & Traffic Law § 200 [1]; CPLR 503 [a]; 506 [a]; *State of New York v Quintal, Inc.*, 79 AD3d 1357, 1359 [3d Dept 2010]; *Daimler Trust v Safeway Motors, Inc.*, 2013 NY Slip Op 31965[U], *1 [Sup Ct, Albany County 2013]). VW was entitled to join the DMV as a party to freeze the vehicle's title, correct any unwarranted alterations and restore the title if necessary (*see* CPLR 1001 [a]; 1002 [b]; *see e.g. Matter of Ally Fin. Inc. v Bill's Towing Serv., Inc.*, 181 AD3d 1045, 1045 n 1 [3d Dept 2020], *lv denied* 35 NY3d 918 [2020]). Indeed, Boscaino served VW with the Notice of Lien & Sale seeking to sell the vehicle through the authority of the DMV (*see* NYSCEF Doc No. 5).

Accordingly, the branch of Boscaino's cross motion seeking change of venue is denied.

## CONCLUSION

Based on the foregoing, it is

**ORDERED** that VW's motion for a default judgment is granted to the extent of establishing Boscaino's liability on the conversion claim; and it is further

**ORDERED** that Boscaino's cross motion is denied in all respects; and finally it is

**ORDERED** that an **in-person** inquest on VW's conversion damages is hereby scheduled for **August 3, 2023** at **10:30 a.m.** in the Albany County Courthouse.

This constitutes the Decision & Order of the Court, the original of which is being uploaded to NYSCEF for filing and entry by the Albany County Clerk. Upon such entry, counsel for VW shall promptly serve notice of entry upon all parties entitled thereto.

Dated: Albany, New York
July 6, 2023

RICHARD M. PLATKIN
A.J.S.C.

Papers Considered:

NYSCEF Doc Nos. 25-28, 33-37, 42-48.[2]

07/06/2023

---

[2] The Court takes judicial notice of the prior proceedings and filings herein (*see* CPLR 2214 [c]).