# EXHIBIT K



**Attorneys at Law**

| | |
|---|---|
| 216 Lakeville Road | 500 Village Square Crossing, Suite 101 |
| Great Neck, New York 11020 | Palm Beach Gardens, Florida 33410 |
| T 516.437.3400 | T 561.899.9999 |
| F 516.334.3000 | F 561.584.6434 |

Gary Rosen, Esq. (Admitted NY, FL, NJ, PA, GA)
Jared Rosen, Esq. (Admitted NY, FL, NJ)
Jaime Rosen, Esq. (Admitted NY, FL, NJ, CT)
Michael J. Noonan, Esq. (Admitted NY)
Joseph G. Noonan, Esq. (Admitted NY, IL)

September 22, 2023

**VIA FEDEX AND EMAIL**
Rudolph J. Meola, Esq.
LAW OFFICE OF RUDOLPH J. MEOLA
1822 Western Avenue
Albany, New York 12203

**VIA FEDEX AND EMAIL**
John Dubuc, Esq.
LAW OFFICE OF RUDOLPH J. MEOLA
1822 Western Avenue
Albany, New York 12203

# LITIGATION HOLD NOTICE AND NOTICE TO PRESERVE RECORDS

**RE:** Boscaino Collision & Towing Corp., on behalf of itself and other similarly situated collision repair shops and towing companies located in the City of New York, v. Rudolph J. Meola, Esq. and Law Office of Rudolph J. Meola.
United States District Court, Eastern District of New York.

Gentlemen:

This office represents Boscaino Collision & Towing Corp.

Boscaino Collision & Towing Corp. will be filing a complaint in the United States District Court, Eastern District of New York as a collective and/or class action against the following for, *inter alia* pursuant to 18 U.S.C. §1162, et.seq. as a result of Law Office of Rudolph J. Meola commencing actions and/or proceedings in Albany County, New York against collision repair shops and towing companies located in the City of New York, when neither the Plaintiff or Petitioner, nor the Defendants or Respondents have any nexus with Albany County.

It appears that the sole reason why Law Office of Rudolph J. Meola has commenced actions and/or proceedings in Albany County is because the offices of Law Office of Rudolph J. Meola is located in Albany County, engaging in a practice of improperly filing actions in Albany County by naming the New York State Department of Motor Vehicles as a party defendant, solely to obtain jurisdiction in Albany County for the actions and/or proceedings that are commenced by the Law Office of Rudolph J. Meola against collision repair shops and towing companies located in the City of New York.

Upon information and belief, Rudolph J. Meola, Esq. and the Law Office of Rudolph J. Meola have engaged in a racketeering enterprise along with, and conspired with Acar Leasing LTD, Ally Bank, Ally Capital, Ally Financial Inc., American Honda Finance Corp., CCAP Auto Lease Ltd., Chrysler Capital, Credit Acceptance Corp., Daimler Trust, Flagship Credit Acceptance LLC, Hudson Valley Credit Union, JPMorgan Chase Bank, N.A., Mercedes-Benz Financial Services USA LLC, Nissan Motor Acceptance Company LLC, Palisades Funding Corp., Santander Consumer USA, Inc., TD Bank N.A., Toyota Motor Credit Corporation, VW Credit Inc., Westlake Financial Services and Westlake Services LLC d/b/a Westlake Financial Services, to be party defendants, who conspired to permit the improper commencement of, and maintenance of actions and/or proceeding in Albany County, instead of the County in which the defendants or respondents are located.

According to NYSCEF, there are hundreds of cases that have been filed by the Law Office of Rudolph J. Meola against collision repair shops and towing companies in the State of New York, with the venue of all of the cases being in Albany County. Based on our research, upon information and belief, throughout the State of New York, no other law firms representing leasing and finance companies have filed their actions in Albany County, when no Plaintiff, Petitioner, Defendant or Respondent resides in Albany County. Other law firms properly filed their actions and/or proceedings in the County where a Plaintiff / Petitioner or Defendant / Respondent had a nexus to such County.

We have verified with the New York State Department of Motor Vehicles that they are not a necessary party to any of the proceedings that Rudolph J. Meola, Esq. and the Law Office of Rudolph J. Meola had commenced, and New York State Department of Motor Vehicles has, upon information and belief, not appeared in any of the actions or proceedings that were commenced by Rudolph J. Meola, Esq. and the Law Office of Rudolph J. Meola against collision repair shops and towing companies located in the City of New York, <u>because New York State Department of Motor Vehicles is not only not a necessary party, they are an improper party.</u>

Upon information and belief, based on records on NYSCEF, Rudolph J. Meola, Esq. and the Law Office of Rudolph J. Meola have never sought a default judgment against New York State Department of Motor Vehicles for their failure to appear in any of the actions or proceedings commenced by Rudolph J. Meola, Esq. and the Law Office of Rudolph J. Meola, because the conduct of commencing the actions in Albany County is frivolous.

In addition to the foregoing, it has been determined that you have been serving Orders to Show Cause on collision repair shops and towing companies located in the City of New York via the New York Secretary of State, and by the time that the companies receive the Orders to Show Cause, the cases have been heard by the Court, and decided in your client's favor on default, which appears to be a pattern and practice of Rudolph J. Meola, Esq. and the Law Office of Rudolph J. Meola as part of a racketeering enterprise. It appears that Rudolph J. Meola, Esq. and the Law Office of Rudolph J. Meola are using the delays by the New York Secretary of State in mailing legal process to defendants, which has grown since the Covid pandemic, to cause economic harm to the collision repair shops and towing companies located in the City of New York.

## LITIGATION HOLD NOTICE AND NOTICE TO PRESERVE RECORDS

**Please be advised that any and all records maintained by Rudolph J. Meola, Esq., the Law Office of Rudolph J. Meola with Acar Leasing LTD, Ally Bank, Ally Capital, Ally Financial Inc., American Honda Finance Corp., CCAP Auto Lease Ltd., Chrysler Capital, Credit Acceptance Corp., Daimler Trust, Flagship Credit Acceptance LLC, Hudson Valley Credit Union, JPMorgan Chase Bank, N.A., Mercedes-Benz Financial Services USA LLC, Nissan Motor Acceptance Company LLC, Palisades Funding Corp., Santander Consumer USA, Inc., TD Bank N.A., Toyota Motor Credit Corporation, VW Credit Inc., Westlake Financial Services and Westlake Services LLC d/b/a Westlake Financial Services for the cases set forth below, including but not limited to any and all communications between Rudolph J. Meola, Esq. and the Law Office of Rudolph J. Meola regarding the cases set forth below, are to be retained and maintained and not deleted, edited, etc.:**

1. AMERICAN HONDA FINANCE CORP. V. PARK 139TH LLC;
2. SANTANDER CONSUMER USA, INC. V. BOWERY AUTO BODY, INC.;
3. CHRYSLER CAPITAL V. 800 FLATBUSH AVE PARKING LLC;
4. SANTANDER CONSUMER USA, INC. V. BIG TOWS, INC.;
5. TOYOTA MOTOR CREDIT CORPORATION V. TERRY CHUNG;
6. TD BANK NA V. CARZMETICS AUTO SALON ET AL;
7. CCAP AUTO LEASE LTD V. FIRST CHOICE COLLISION CORP ET AL;
8. TD BANK, N.A. V. SHELBY MARQUEZE BLACKWELL ET AL;
9. TD BANK, N.A. V. ALEX TACOAMAN AKA A P TACOAMANCHANATAS ET AL;
10. TD BANK, N.A. V. ARISLEIDI ESPINAL ET AL;
11. TOYOTA MOTOR CREDIT CORPORATION V. RASHELE FELIX ET AL;
12. SANTANDER CONSUMER USA, INC. V. NOVAK AUTO CORP. ET AL;
13. CREDIT ACCEPTANCE CORP. V. SCOTT STRONG ET AL;

14. MERCEDES-BENZ FINANCIAL SERVICES USA LLC V. BUMPER TO BUMPER AUTO EXPERTS CORP. ET AL;
15. MERCEDES-BENZ FINANCIAL SERVICES USA LLC V. PUBLIC STORAGE ET AL;
16. PALISADES FUNDING CORP. V. HELMS BROS INC. ET AL;
17. ACAR LEASING LTD AND WELLS FARGO BANK NA V. AK COLLISION INC. ET AL;
18. TD BANK, N.A. V. ZAREEN LODHI ET AL;
19. AMERICAN HONDA FINANCE CORPORATION V. NUPLUS TOWING & RECOVERY ET AL;
20. HUDSON VALLEY CREDIT UNION V. SCOTT HOEHLER ET AL;
21. TD BANK, NA V. EUROWISE AUTO WORKZ LLC ET AL;
22. NISSAN MOTOR ACCEPTANCE COMPANY LLC V. M&N REPAIR & BODY SHOP INC., ET AL;
23. FLAGSHIP CREDIT ACCEPTANCE LLC V. RIVERDALE FAST PARKING CORP. ET AL;
24. WESTLAKE FINANCIAL SERVICES, V. XAVIER TRUCK ROAD SERVICE INC., ET AL;
25. SANTANDER CONSUMER USA, INC. V. DEJA HARRIAGE ET AL;
26. WESTLAKE FINANCIAL SERVICES V. ENVY NORTH AUTOMOTIVE CORP., ET AL;
27. WESTLAKE SERVICES LLC DBA WESTLAKE FINANCIAL SERVICES V. RAYS SERVICE CENTER, INC., ET AL;
28. MERCEDES-BENZ FINANCIAL SERVICES USA LLC V. AUTO MAGIC COLL CTR & TOWING INC., ET AL;
29. CHRYSLER CAPITAL V. KEVAUGHN WELLINGTON ET AL;
30. TD BANK N.A. V. EHAB SOLIMAN ET AL;
31. DAIMLER TRUST V. AIBING LIU ET AL;
32. CHRYSLER CAPITAL V. CARLOS VALENZUELA ET AL;
33. SANTANDER CONSUMER USA, INC. V. ENMANUEL JESUS ET AL;
34. JPMORGAN CHASE BANK, N.A. V. LATAYIA CARREKER ET AL;
35. JPMORGAN CHASE BANK, N.A. V. MERCY WELLINGTON ET AL;
36. JPMORGAN CHASE BANK, N.A. V. HEATHER JAUREQUI ET AL;
37. JPMORGAN CHASE BANK, N.A. V. SHAQUITA MAPP ET AL;
38. SOUTHEAST TOYOTA FINANCE V. NEW BEST CREDIT SOLUTIONS ET AL;
39. FLAGSHIP CREDIT ACCEPTANCE LLC V. KAREEM SMITH ET AL;
40. SANTANDER CONSUMER USA, INC. V. SHELBY DOZIER ET AL;
41. CREDIT ACCEPTANCE CORP. V. DARNELL THOMAS ET AL;
42. ALLY BANK V. FORD OF SMITHTOWN ET AL;
43. VW CREDIT INC., AND VW CREDIT LEASING LTD V. ONE CHOICE AUTOMOTIVE ET AL;
44. VW CREDIT INC., AND VW CREDIT LEASING LTD V. ONE CHOICE AUTOMOTIVE ET AL;
45. WESTLAKE FINANCIAL SERVICES V. RUNWAY TOWING CORP. ET AL;
46. WESTLAKE FINANCIAL SERVICES V. PRO SHOP NORTH AUTO BODY ET AL;

47. ALLY CAPITAL V. CC&E AUTOMOTIVE CORP. ET AL;
48. ALLY CAPITAL V. HARD CORE AUTOMOTIVE CORP. ET AL;
49. ALLY BANK V. SERNA ENTERPRISE INC. ET AL;
50. ALLY BANK V. FAZIO BROS. AUTO INC. ET AL;
51. ALLY FINANCIAL INC. V. BRANDI FORDE ET AL;
52. SANTANDER CONSUMER USA, INC. V. JAVIER MARIN ET AL;
53. SANTANDER CONSUMER USA, INC. V. FULTON AUTO BODY & COLLISION INC. ET AL;
54. MERCEDES-BENZ FINANCIAL SERVICES USA LLC V. H&S AUTO BODY WORK ET AL;
55. TOYOTA MOTOR CREDIT CORPORATION V. HOLLIS COURT COLLISION & RECOVERY INC. ET AL;
56. NISSAN MOTOR ACCEPTANCE COMPANY LLC V. NORTHSIDE AUTO II INC. ET AL;
57. SANTANDER CONSUMER USA, INC. V. A&P TOWING AND TRANSPORT, INC. ET AL;
58. TOYOTA MOTOR CREDIT CORPORATION V. RUNWAY TOWING CORP., ET AL;
59. WESTLAKE FINANCIAL SERVICES V. TKO SERVICE CORP. ET AL;
60. WESTLAKE FINANCIAL SERVICES V. HUDSON COLLISION 1 INC ET AL;
61. SANTANDER CONSUMER USA, INC. V. BROOKLYN ROAD RUNNER CORP. ET AL;
62. CCAP AUTO LEASE LTD V. MARTINO AUTO CONCEPTS ET AL;
63. TOYOTA MOTOR CREDIT CORPORATION V. D BEST AUTO REPAIR INC ET AL;
64. SANTANDER CONSUMER USA, INC. V. AAAA NASSAU INC. ET AL;
65. MERCEDES-BENZ FINANCIAL SERVICES USA LLC V. COLLISION PROZ AUTOBODY CORP. ET AL;
66. SANTANDER CONSUMER USA, INC. V. JORHAN PARRA ET AL;
67. ALLY FINANCIAL INC. V. JESSICA GIRAUD-GANPAT ET AL;
68. TOYOTA MOTOR CREDIT CORPORATION V. KIRK BUTLER ET AL.

You have a duty to preserve all of the documents and any evidence regarding the aforesaid actions and/or proceedings. Such evidence is relevant to litigation. **You have a legal obligation to preserve ALL documents and electronic data (including metadata) that are or could be discoverable by Plaintiff in the Action.**

You and no one under your control should destroy, delete, remove, change, or otherwise affect any Document, as that word is defined below (including Email communications). You must ensure that you do not delete any potentially discoverable data, including data on your work computers, laptops and home computers (if used for work), as well as removable hard drives, handheld PDA devices (such as I-Phones, I pads, cell phones, etc.), or any other devices that can hold data. Moreover, such material should be kept in the order in which it was at the time that you receive this letter. Documents and data should **NOT** be edited, deleted, modified, erased or rearranged.

**"Definition of Documents."** This word should be interpreted as broadly as possible. "Document(s)" means, without limitation, any tangible or electronically-maintained, written, printed, typed, photographed, recorded, transcribed, taped, filmed, or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, pictures, sounds or symbols, or any combination thereof for the period **from September 22, 2017 to the present date.** This definition includes copies or duplicates of documents contemporaneously or subsequently created which have any non-conforming notes or other markings, including any additions, deletions, alterations, or notations, as well as the backsides of any communication or representation which contain any of the above.

By way of example, "Document" or "Documents" include, but is not limited to: any correspondence; memoranda; notes; drafts; records; files; letters; envelopes; messages; electronic mail; electronic messages; email; calendars; diaries; telephone message records or logs; notes or minutes of meetings or of other communications of any type, including inter- and intra-office or company communications; reports; briefing materials; information stored or maintained by electronic data processing or word processing equipment; all other data compilations from which information can be obtained including electromagnetically sensitive stored media such as flash drives, hard disks, hard drives and magnetic tapes concerning Plaintiffs or Petitioners and Defendants or Respondents in the cases listed above, and Rudolph J. Meola, Esq., the Law Office of Rudolph J. Meola with Acar Leasing LTD, Ally Bank, Ally Capital, Ally Financial Inc., American Honda Finance Corp., CCAP Auto Lease Ltd., Chrysler Capital, Credit Acceptance Corp., Daimler Trust, Flagship Credit Acceptance LLC, Hudson Valley Credit Union, JPMorgan Chase Bank, N.A., Mercedes-Benz Financial Services USA LLC, Nissan Motor Acceptance Company LLC, Palisades Funding Corp., Santander Consumer USA, Inc., TD Bank N.A., Toyota Motor Credit Corporation, VW Credit Inc., Westlake Financial Services and Westlake Services LLC d/b/a Westlake Financial Services.

Please note that these are merely examples: do **not** destroy or delete **any** document as defined above. These instructions should be interpreted broadly and all questions should be resolved in favor of preservation. Please be aware that these document preservation requirements apply to both draft and final versions of documents, as well as handwritten notes. They apply to the files of former as well as current personnel, regardless of position.

Thank you very much.

Very truly yours,

*[signature]*

Gary Rosen