# EXHIBIT O

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ALBANY
-------------------------------------------------------------------------X
In the Matter of the
Special Proceeding Application of                    INDEX NO. 900899-22

VW CREDIT INC.,
                                                     AFFIRMATION OF GARY
                                                     ROSEN, ESQ. IN OPPOSITION TO
              Petitioner(s)/Plaintiff(s),            PETITIONER'S MOTION FOR
                                                     SANCTIONS
    -against-

BOSCAINO COLLISION & TOWING CORP., and               MOTION SEQ. NO. 005
THE NEW YORK STATE DEPARTMENT OF
MOTOR VEHICLES,

              Respondent(s)Defendant(s)..
-------------------------------------------------------------------------X

  GARY ROSEN, ESQ., an attorney duly admitted to practice law in the State of New York affirms under penalties of perjury that:

  1. I am the attorney for Respondent/Defendant Boscaino Collision & Towing Corp. (the "Defendant") in the instant action.

  2. As such I am fully familiar with the facts and circumstances as set forth herein.

  3. This affirmation is filed on behalf of Respondent BOSCAINO COLLISION & TOWING CORP. (the "Respondent"), Gary Rosen, Esq., and Rosen Law LLC, in opposition to Petitioner VW CREDIT INC.'s (the "Petitioner") frivolous motion for sanctions.

  4. The Petitioner filed this motion in bad faith, solely in retaliation for Respondent's counsel sending a legitimate litigation hold letter detailed further below to Petitioner's attorney which Respondent's counsel has since substantiated by commencing an action in Federal Court which is what the legitimate litigation hold letter was issued in furtherance of.

  5. Petitioner's counsel is now using this action and this Court to retaliate against Respondent's counsel and this Court should not condone Petitioner's counsel's bad faith conduct.

6. On September 22, 2023, Rosen Law LLC sent a litigation hold letter to Petitioner's counsel, the Law Office of Rudolph J. Meola **(the "Litigation Hold Letter" – Exhibit "1")** regarding a Civil Action which Rosen Law LLC was in the process of drafting to file.

7. The Litigation Hold Letter is a legitimate safeguard used frequently by practicing attorneys as a proper and necessary notice to prevent the destruction of evidence that is discoverable and relevant in other legal actions, in this case, the action filed by Respondent against the LAW OFFICE OF RUDOLPH J. MEOLA **(the "Federal Complaint" – Exhibit "2")**.

8. It is alleged in the Federal Complaint that the LAW OFFICE OF RUDOLPH J. MEOLA engages in a scheme in which they intentionally sue parties in improper venues, such as the Supreme Court of New York in Albany County, serve parties in an improper manner to avoid Defendants from having legitimate notice of such actions, so the Law Office of Rudolph J. Meola can collect judgments against parties, some of whom are not truly liable to anyone, without such Defendants ever being able to properly defend the action.

9. The Respondent in this case is just one of, upon information and belief, many Defendants who are sued by clients of the Law Office of Rudolph J. Meola and are not even aware of the same until judgment enforcement and collection efforts have been commenced by the Law Office of Rudolph J. Meola against such Defendants. In, upon information and belief, many cases, Defendants are not even so lucky as the Respondent in this case to become aware that the Law Office of Rudolph J. Meola has obtained a judgment or filed an action against them on behalf of a client, at all.

10. The Federal Complaint properly asserts that the LAW OFFICE OF RUDOLPH J. MEOLA acts as a debt collector on behalf a number of automobile leasing companies, and improperly sues garages as well as tow truck companies in Albany County instead of the county

2

the garages and tow truck companies are located.

11. The LAW OFFICE OF RUDOLPH J. MEOLA improperly brings these action in Albany County because they know that the garages and tow truck companies either do not even receive notice of the allegations asserted against them, knowing that the service of the petitions do not put the garages and tow truck companies on notice.

12. However, the Federal Complaint has nothing to do with this action.

13. Nonetheless, Petitioner's counsel have improperly used the benefit of having this action pending, and the forum of this Court, to retaliate against Respondent and its counsel for serving the Law Office of Rudolph J. Meola with a legitimate notice in furtherance of another lawful, pending civil action filed in Federal Court.

14. It is respectfully submitted that this Court should not only dismiss the instant Motion for Sanctions filed by Petitioner, but should, *sua sponte*, issue sanctions against Petitioner and its counsel, the Law Office of Rudolph J. Meola, for even filing this Motion in very obvious bad faith with no purpose other than to use this forum to retaliate against Respondent and its counsels for serving a legitimate and common legal safeguard in furtherance of a separate action.

15. I am certain that the federal District Judge assigned in the case in which the Federal Complaint has been filed will find it quite troublesome that Petitioner and its counsel have filed the instant Motion for Sanctions under the circumstances that it would have a chilling effect on anyone attempting to safeguard themselves and protect their rights to prevent the destruction of evidence that is discoverable and relevant in other legal actions.

16. Accordingly, the instant Motion should be dismissed in its entirety and this Court should, *sua sponte*, impose sanctions against Petitioner and its counsel should this Court find the same is warranted as we elected not to file a Cross Motion for Sanctions in this case as a courtesy

to our adversaries.

**WHEREFORE,** Respondent and their counsel respectfully requests an order from this Court denying Petitioner's motion for sanctions in its entirety and for such other and further relief as is just and proper.

Dated: October 6, 2023
      Great Neck, New York

                              Respectfully submitted,

                              Gary Rosen, Esq.
                              Rosen Law LLC
                              Attorneys for Respondent
                              216 Lakeville Road
                              Great Neck, New York 11020
                              516-437-3400

## WORD COUNT CERTIFICATION

I hereby certify pursuant that the document was prepared on a computer using Microsoft Word.

A proportionally spaced typeface was used, as follows:

Name of Typeface: Times New Roman
Point Size: 12
Line Spacing: Double

The total number of words in this document is 872 words.

Dated: October 6, 2023
       Great Neck, New York

                                                Respectfully submitted,

                                                *[signature]*

                                                Gary Rosen, Esq.
                                                Rosen Law LLC
                                                Attorneys for Respondent
                                                216 Lakeville Road
                                                Great Neck, New York 11020
                                                516-437-3400