# EXHIBIT Q



Attorneys at Law

216 Lakeville Road,  
Great Neck, New York 11020  
T 516.437.3400  
F 516.334.3000

500 Village Square Crossing, Suite 101  
Palm Beach Gardens, Florida 33410  
T 561.899.9999  
F 561.584.6434

Gary Rosen, Esq. (Admitted NY, FL, NJ, PA, GA)  
Jared Rosen, Esq. (Admitted NY, FL, NJ)  
Jaime Rosen, Esq. (Admitted NY, FL, NJ, CT)  
Michael J. Noonan, Esq. (Admitted NY)  
Joseph G. Noonan, Esq. (Admitted NY, IL)

October 11, 2023

**VIA EMAIL – (platkinchambers@nycourts.gov)**  
Honorable Richard Platkin  
Supreme Court of the State of New York  
Albany County Courthouse  
16 Eagle Street, Room 256  
Albany, NY 12207

    RE:     **Index No. 900899-22 - WV Credit Inc. v. Boscaino Collision & Towing Corp. et al**

Dear Judge Platkin:

    There is a hearing on Friday, October 13, 2023 before Your Honor in the above entitled proceeding. We are counsel for Respondent Boscaino Collision & Towing, Inc.

    I respectfully request permission to appear via Microsoft Teams, Zoom or telephone for the above appearance. My client will be in your Courtroom and I will have an attorney present. Due to health issues, I cannot travel to Albany, but I am most familiar with this case. I have had zoom hearings and telephonic hearings over the past two years in many State and Federal Courts and I have presented evidence, however, the evidence will be in the Courtroom.

    As shown below, Petitioner's counsel, Mr. Meola improperly files cases in Albany which cause a hardship to my client and other respondents and attorneys, including me.

    This Court denied Respondent's motion to transfer venue which I filed because Your Honor stated that a demand for change of venue was not filed, and that was not filed because our client was never served with the summons and complaint and the motion for a default judgment was pending, so it was not valid to serve a demand to transfer venue.

So your honor is aware, the first time that our client in this case was sued by Mr. Meola and/or his firm for their client was in 2000, **some 23 years ago** in a case entitled General Electric Capital Auto Financial Service, Inc. v. Boscaino Collision & Towing, Inc., Index No. 7197-2000, Supreme Court of the State of New York, County of Albany (the "2000 Case").

The fact is that Mr. Meola has made a career of suing downstate autobody and/or towing company in Supreme Court of the State of New York, Albany County, a completely improper venue. Numerous judges, including Justice Joseph Terisi, Justice Joseph Cannizzaro, Justice Louis Benza and I believe many other Justices in Albany, have ruled that Albany County was an improper venue to sue the downstate autobody and/or towing companies. Notwithstanding decisions and orders by Justice Joseph Terisi, Justice Joseph Cannizzaro, and Justice Louis Benza, Mr. Meola continued his pattern and practice of suing autobody and/or towing companies in Albany County causing great hardship to my client Boscaino Collision & Towing, Inc. and myself.

The methodology used by Mr. Meola to sued downstate autobody shops and/or towing companies in Albany County was by naming the New York State Department of Motor Vehicles ("DMV") as a respondent in the proceedings, with Mr. Meola claiming that the DMV was being sued to "freeze" title to automobiles which were the subject of the garageman's liens.

It is easy for this court to say *"what difference does it matter where the proceeding is brought?"* However, it is critical to the judicial system and fairness that all attorneys follow the rules, specifically, the CPLR which was instituted by the legislature.

However, in the hundreds or thousands of cases where Mr. Meola named the DMV, the DMV, has upon information and belief, NEVER appeared in any of the cases and Mr. Meola never moved for a default against DMV in the hundreds or thousands of cases, although DMV did not interpose any answer and never appeared. In some cases, DMV sent a letter to the Court stating that it took no position. DMV was never a proper party, never a necessary party and was only named as a respondent so Mr. Meola could justify filing the action in Albany County. However, as many of Your Honor's colleagues have ruled and ordered, the proper venue for suing a downstate autobody and/or towing company was in the county in which the respondent company resided, not where Mr. Meola's office is located and not where DMV is located, as they are not a proper or necessary party.

In identical cases to this case, Justice Joseph Terisi, Justice Joseph Cannizzaro, Justice Louis Benza and other Justice of the Supreme Court, Albany County, have known and ruled that DMV was never a proper party or a necessary party, and they saw that DMV was only named as a petitioner in order for Mr. Meola to justify venue in Albany County which was clearly and undisputedly improper.

I recently personally spoke to an attorney at the New York State Department of Law form DMV in Albany and DMV knows about what Mr. Meola does, and the attorney told me that Mr. Meola has been doing this "forever" and she said that DMV did not care because it receives email Orders to Show Cause and they do nothing with them, except she said that sometimes, they

sent a letter stating that they took no position. They may freeze title to a vehicle, the same way that any attorney obtains a restraining order in the cases brought in Supreme Court, Kings County, Queens County, Nassau County, Westchester County, Bronx County, and other downstate counties. DMV acknowledged that they are not a proper party in the proceedings filed by Mr. Meola.

This is not a one-time event where Mr. Meola has sued a downstate autobody shops and/or towing companies in Albany County, he's done it at a minimum of hundreds of times and it appears to have been done thousands of times solely to (i) gain an unfair great advantage for his clients and himself and his firm and (ii) for Mr. Meola's convenience because his office is located in Albany County.

I believe that if the Justice of the Supreme Court in Albany County knew of the facts set forth herein, the Justices would deny the Orders to Show Cause presented by Mr. Meola, however, it really has never been brought to the attention of the Court administration of what Mr. Meola has been doing, and the rulings of Justice Joseph Terisi, Justice Joseph Cannizzaro, Justice Louis Benza and other Justices have apparently not been known to court administration or other Justices of this Court including Your Honor.

If Mr. Meola was trying to restrain the title to a vehicle pending the proceeding, the right and proper way to do that was to put in the order to show cause that the respondent is enjoined and restrained from "removing, transferring, dismantling, selling, pledging, using, concealing, hiding, or otherwise disposing of, or permitting to become subject to a security interest or lien, the collateral described above, in any manner inconsistent with Plaintiffs or Petitioner's interests therein", like was is used in orders to show cause where other law firms filed proceedings to vacate garageman's liens.

In Mercedes-Benz Financial Services USA LLC v. Cross Island Wrecker Service, Inc., Index No. 601976/2015, Supreme Court of the State of New York, County of Nassau, Justice Thomas Feinman issued an Order to Show Cause which contained a temporary restraining order to restrain and enjoin the defendants from "removing, transferring, dismantling, selling, pledging, using, concealing, hiding, or otherwise disposing of, or permitting to become subject to a security interest or lien, the collateral described above, in any manner inconsistent with Plaintiff Mercedes-Benz Financial Services USA LLC's interests therein". The reason why Mercedes-Benz Financial Services USA LLC commenced the action in Nassau County, was because that was where the defendant or vehicle was located. Mercedes-Benz Financial Services USA LLC obtained all of the protection necessary to protect Mercedes-Benz Financial Services USA LLC's interest in the vehicle with the court order. There was no need to name the New York State Department of Motor Vehicles as a defendant or respondent, and Defendants only name the New York State Department of Motor Vehicles as a respondent in order to have venue in Albany County, where Defendants maintain their law office, and to make it much more difficult for the respondents in any of the hundreds or thousands of proceedings that the Defendants caused to be commenced. That is the proper way to prevent title to a vehicle from being transferred during a garageman's lien proceeding.

Interestingly, in <u>Mercedes-Benz Financial Services USA LLC v. Cross Island Wrecker Service, Inc.</u>, Index No. 601976/2015, Supreme Court of the State of New York, Mercedes-Benz Financial Services USA LLC was represented by Deily & Glastetter, LLP, with their offices located in Albany, New York. Although Deily & Glastetter, LLP was located in Albany, they knew that it would not be proper to commence an action against Cross Island Wrecker Service, Inc. in Albany, because Cross Island Wrecker Service, Inc. had its place of business in Nassau County, where the lawsuit was filed.

Further interestingly is the fact that Mr. Meola represented Mercedes-Benz Financial Services USA LLC in <u>Mercedes-Benz Financial Services USA LLC v. H&S Auto Body Work</u>, Supreme Court, Albany County, Index No. 907158-23, where Mr. Meola filed the proceeding in Albany County, unlike Deily & Glastetter, LLP who filed in Nassau County. H&S Auto Body Work is an autobody shop located in Bronx County. H&S Auto Body Work defaulted. The case is before Justice David Weinstein.

There are many cases throughout the State of New York where law firms other than Mr. Meola have filed orders to show cause and petitioners to challenge and vacate garageman's liens and those cases were all brought in the county where the respondents maintained their place of business because that was the proper venue.

Mr. Meola has filed a minimum of hundreds and apparently thousands of cases against downstate collision shops and towing companies for his own convenience, and used the DMV as the reason, improperly, and did not care about the hardship on the downstate collision shops and towing companies that filing the orders to show cause and petitions in Albany County would cause.

In this case, the garageman's lien was for **$2,150.95 (NYSCEF Doc. No. 5)** for the completely damaged vehicle towed by Respondent at the request of the New York City Police Department. So for the **$2,150.95** lien, Mr. Meola sues in Albany County, to require the respondent to have to hire counsel in Albany to appear in Court over the **$2,150.95** lien. And when I asked in this case to appear by zoom or telephone that request was denied, meaning that the **$2,150.95** lien would have to require attorneys from my office to travel to Albany, along with my client having to travel to Albany County over the $2,150.95 lien. This is the pattern and practice of Mr. Meola and that is why a Federal Action was filed against Mr. Meola by Respondent Boscaino Collision & Towing, Inc.

My client having dealt with Mr. Meola in 2000 at the beginning of my client's career and now 23 years later at the end of my client's career believes that the conduct by Mr. Meola of filing in Albany County is outrageous and must be dealt with and that is why my client has filed a Federal Action against Mr. Meola and his firms. There are many other autobody shops and towing companies equally affected by Mr. Meola's conduct of filing in Albany County against the downstate autobody shops and towing companies.

In the case entitled <u>In the Matter of the Special Proceeding Application of DCFS Trust and Daimler Chrysler Services North America, LLC v. The New York State Department of Motor Vehicles and Ready 4 Action Towing Inc.</u>, Index No. 1070-05, Supreme Court of the

State of New York, County of Albany, I represented the respondent Ready 4 Action Towing Inc. in 2005, and Mr. Meola represented <u>DCFS Trust and Daimler Chrysler Services North America, LLC</u>. In that case, I referred to <u>General Electric Capital Auto Financial Service, Inc. v. Boscaino Collision & Towing, Inc.</u>, Index No. 7197-2000, Supreme Court of the State of New York, County of Albany.

In <u>General Electric Capital Auto Financial Service, Inc. v. Boscaino Collision & Towing, Inc.</u>, Index No. 7197-2000, Justice Joseph Teresi transferred venue to Kings County.

In 2005, Justice Joseph R. Cannizzaro, Supreme Court of the State of New York, Albany County had determined that venue against Ready 4 Action Towing Inc., a New York City towing company, was improper in Albany County, and Justice Joseph R. Cannizzaro, recognized that Defendant Rudolph Meola was filing cases, to wit; <u>In the Matter of the Special Proceeding Application of DCFS Trust and Daimler Chrysler Services North America, LLC v. The New York State Department of Motor Vehicles and Ready 4 Action Towing Inc.</u>, Index No. 1070-05, Supreme Court of the State of New York, County of Albany, in Albany County, when the proper venue was in Kings County, New York, where the respondent, Ready 4 Action Towing Inc.'s business was located.

In <u>GE Capital Auto Financial Services, Inc. v Davino's Auto Body, Inc.</u>, Index No. 3948 / 02, Justice Louis Benza, transferred venue from Albany County to Kings County on Respondent's motion, where Mr. Meola's firm at the time, Miller & Meola, Esqs., brought the proceeding where none of the parties resided in Albany County other than the Petitioner's attorney's counsel.

I have been involved in numerous cases where Rudolph Meola, Esq. brought cases in Albany County against my clients which were downstate autobody shops and/or towing companies, which I had moved to Kings County or Queens County, where the cases should have been brought.

Over the course of twenty plus years, Mr. Meola has brought what appears to be thousands of cases in Supreme Court, Albany County against downstate autobody shops and/or towing companies located in Kings County or Queens County. Each of those lawsuits should have been brought in the county in which the defendants or respondents maintained their principal place of business, and not brought in Albany County. When filed motions were filed by me to change venue, the motions were I believe always granted. I know of the cases that were actually transferred to Kings County or Queens County, and I have no records of any cases that were not transferred to Kings County or Queens County on my motions.

The downstate autobody shops and/or towing companies are small business enterprises and many including Respondent Boscaino Collision & Towing, Inc. are minority owned businesses.

Mr. Meola has built a practice of filing Orders to Show Cause and Petitioner to vacate garageman's liens in Supreme Court, Albany County, suing downstate autobody shops and/or towing companies small business enterprises located in Kings County, Queens County, Bronx

County, Westchester County causing the defendants or respondents to have to appear in Albany County or default. Most of the autobody shops and/or towing companies located in Kings County, Queens County, Bronx County, Westchester County in fact have defaulted over twenty plus years, because the costs of a downstate small business litigating in Albany County would be cost prohibitive for the average garageman's lien of a few thousand dollars.

      **I respectfully request permission to appear via Microsoft Teams, Zoom or telephone for the above appearance.**

      Thank you very much.

                                  Respectfully submitted,

                                  Gary Rosen

cc: counsel of record