# EXHIBIT Q

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ALBANY
-------------------------------------------------------------------------X
In the Matter of the
Special Proceeding Application of

VW CREDIT INC.,

               Petitioner(s)/Plaintiff(s),

  -against-

BOSCAINO COLLISION & TOWING CORP., and
THE NEW YORK STATE DEPARTMENT OF
MOTOR VEHICLES,

               Respondent(s)Defendant(s)..
-------------------------------------------------------------------------X

**INDEX NO. 900899-22**

**AFFIRMATION OF GARY ROSEN, ESQ. IN OPPOSITION TO PETITIONER'S SECOND MOTION FOR SANCTIONS**

**MOTION SEQ. NO. 006**

      GARY ROSEN, ESQ., an attorney duly admitted to practice law in the State of New York affirms under penalties of perjury that:

      1.    I am the attorney for Respondent/Defendant Boscaino Collision & Towing Corp. (the "Defendant") in the instant action.

      2.    I am fully familiar with the facts and circumstances as set forth herein.

      3.    This affirmation is filed on behalf of Respondent BOSCAINO COLLISION & TOWING CORP. (the "Respondent"), Gary Rosen, Esq., and Rosen Law LLC, in opposition to the second motion for sanctions filed by Petitioner VW CREDIT INC. (the "Petitioner").

      4.    The Petitioner filed this second motion in bad faith, **<u>solely in retaliation</u>** for Respondent's counsel commencing an action in the United States District Court for the Eastern District of New York entitled <u>Boscaino Collision & Towing Corp., Individually and on behalf of itself and other similarly situated collision repair shops and towing companies located in the City of New York v. Rudolph J. Meola, Law Office of Rudolph J. Meola and Meola Law Firm</u>, Case No. 23-cv-7510 filed on October 6, 2023 ("Federal Court Action").

5. The instant notice of motion (NYSCEF Doc. No. 82) (Motion Sequence # 6) states that "…the undersigned attorney for VW Credit, Inc. will move this Court on November 13, 2023…..".

6. The "undersigned attorney for VW Credit, Inc." is the Law Office of Rudolph J. Meola.

7. As this Court can see, the Petitioner is NOT the moving party in this motion.

8. The moving party is the Law Office of Rudolph J. Meola, which is not a party to this action.

9. The instant motion appears NOT to be filed by Petitioner VW Credit, Inc., but is rather filed on behalf of and by the Law Office of Rudolph J. Meola, whom is not a party to this case.

10. Here, it is NOT Petitioner VW Credit, Inc. filing this motion.

11. Here, it is the Law Office of Rudolph J. Meola filing this motion on behalf of the Law Office of Rudolph J. Meola, solely because the Law Office of Rudolph J. Meola is upset that the Respondent, Boscaino Collision & Towing Corp., not Rosen Law LLC, decided to proceed with an action against <u>Rudolph J. Meola, Law Office of Rudolph J. Meola and Meola Law Firm</u> in the Federal Court Action.

12. Although there are numerous reasons why this motion should be denied, as set forth below, this Court should deny this motion just based on the fact that the movant is NOT Petitioner VW Credit, Inc., but the movant is the Law Office of Rudolph J. Meola as shown on the notice of motion (NYSCEF Doc. No. 82).

13. I respectfully submit that the reason why the movant on this motion is NOT Petitioner VW Credit, Inc., is because, I further respectfully submit, that this motion was only filed

by the Law Office of Rudolph J. Meola to try to intimidate Petitioner Boscaino Collision & Towing Corp. to discontinue the Federal Court Action, of which Petitioner VW Credit, Inc. is NOT A PARTY.

14. Petitioner's counsel is only filing this motion now using this action once again to retaliate against Respondent and Respondent's counsel, and this Court should not condone Petitioner's counsel's bad faith conduct.

15. On September 22, 2023, Rosen Law LLC sent a litigation hold letter to Petitioner's counsel, the Law Office of Rudolph J. Meola on behalf of Boscaino Collision & Towing Corp. **(the "Litigation Hold Letter" – Exhibit "1")** regarding a Civil Action which Rosen Law LLC was in the process of drafting to file for Boscaino Collision & Towing Corp. which is the Federal Court Action.

16. The Litigation Hold Letter is a legitimate safeguard used frequently by practicing attorneys as a proper and necessary notice to prevent the destruction of evidence that is discoverable and relevant in other legal actions, in this case, the action filed by Respondent Boscaino Collision & Towing Corp. against Rudolph J. Meola, Law Office of Rudolph J. Meola and Meola Law Firm **(the "Federal Complaint" – Exhibit "2")**.

17. Even though Respondent Boscaino Collision & Towing Corp. was in their right to serve the Litigation Hold Letter to Rudolph J. Meola, Law Office of Rudolph J. Meola and Meola Law Firm, Petitioner's counsel, Law Office of Rudolph J. Meola improperly retaliated by filing their first motion for sanctions **(the "First Motion for Sanctions" – NYSCEF Doc. No 56-67)** and now this instant second motion for sanctions.

18. The Federal Complaint was filed in the United States District Court for the Eastern District of New York on October 6, 2023 **(Exhibit "2")**.

19. By filing two separate motions for sanctions in this case, one on September 25, 2023 and one on November 3, 2023, it is clear that Rudolph J. Meola, the Law Office of Rudolph J. Meola and the Meola Law Firm are trying to coerce and intimidate Respondent Boscaino Collision & Towing Corp. into discontinuing the Federal Court Action.

20. The Federal Court Action is distinct from this action and it will be dealt with in Federal Court in Brooklyn, New York.

21. It appears that the Law Office of Rudolph J. Meola wants to use the threat of sanctions against Respondent Boscaino Collision & Towing Corp. and Rosen Law LLC to obtain a discontinuance of the Federal Court Action.

22. The Notice of Motion (NYSCEF Doc. No. 82) seeks sanctions for "engaging in frivolous conduct, attempting to influence this litigation by frivolous assertions, threats and intimidation", however, Respondent Boscaino Collision & Towing Corp. and Rosen Law LLC did not even file anything in this case regarding the claims in the Federal Court Action. The only reason that this Court is aware of the Federal Court Action is because the Law Office of Rudolph J. Meola and Petitioner VW Credit Inc. brought it up in two motions for sanctions.

23. The two motions for sanctions filed by the Law Office of Rudolph J. Meola appear to be for the same relief and in any event, are duplicative.

24. The two motions for sanctions are not appropriate for this Court, as if the Law Office of Rudolph J. Meola has any issue with the Federal Court Action, it must be dealt with in that Court, and it appears clear that the only reason why the Law Office of Rudolph J. Meola filed the two motions for sanctions is to attempt to intimidate Respondent Boscaino Collision & Towing Corp. and Rosen Law LLC into discontinuing the Federal Court Action, and for no other purpose.

25. It is respectfully submitted that this Court heard the evidence in this case on October

13, 2023, when our client Respondent Boscaino Collision & Towing Corp. appeared and had its manager, Edward Boscaino give testimony, and will decide this case based on the evidence presented. The issue of whether Rudolph J. Meola, Law Office of Rudolph J. Meola and Meola Law Firm violated law and/or statutes by filing, upon information and belief, thousands of cases in Supreme Court of the State of New York, County of Albany, where the only basis for venue was by Rudolph J. Meola, Law Office of Rudolph J. Meola and Meola Law Firm ("Meola") naming the New York State Department of Motor Vehicles as respondents, in the proceedings brought on behalf of Meola clients, to gain venue in Albany County where Meola's law offices are located.

26. Numerous Justices of the Supreme Court of the State of New York, County of Albany have transferred venue in cases filed by Meola to the counties in New York State where the respondent towing companies and auto body shops are located, because that was the proper thing to do.

27. I respectfully submit that this Court may have transferred venue as well, but because there was a <u>default</u> entered in this case, a demand to transfer venue was not possible, hence why this Court denied the motion to transfer venue.

28. One of the reasons why the Federal Court Action was commenced was because numerous judges, including Justice Joseph Terisi, Justice Joseph Cannizzaro, Justice Louis Benza and I believe many other Justices in Albany, have ruled that Albany County was an improper venue to sue the downstate autobody and/or towing companies.

29. Notwithstanding decisions and orders by Justice Joseph Terisi, Justice Joseph Cannizzaro, and Justice Louis Benza, as set forth below, Mr. Meola continued his pattern and practice of suing autobody and/or towing companies in Albany County.

5

30.  That is the basis of the Federal Action, which will be dealt with by United States District Judge Frederic Block in Brooklyn, New York.

31.  The Federal Court Action was filed by Respondent Boscaino Collision & Towing Corp. Individually and on behalf of itself and other similarly situated collision repair shops and towing companies located in the City of New York, as there are hundreds of collision repair shops and towing companies located in the City of New York that have lost money because of the filing of garageman lien proceedings by Meola in Albany County on behalf of their clients.

32.  The claims of Respondent Boscaino Collision & Towing Corp. and the hundreds of collision repair shops and towing companies located in the City of New York that have lost money because of the improper scheme of filing of garageman lien proceedings by Meola in Albany County is completely separate from this proceeding.

33.  The proper thing for Meola to have done was to deal with this proceeding on its own and not attempt to tie in the Federal Court Action to this proceeding when this proceeding is about one damaged automobile, where this Court only has to determine the value of the automobile in the condition of the automobile when the vehicle was towed by Respondent Boscaino Collision & Towing Corp. at the direction of the New York City Police Department.

34.  This Court is not deciding the issues before the Federal Court in the Federal Court Action.

35.  I respectfully submit that the only reason that this Court can conclude as to why the two motions for sanctions were filed was to harass, intimidate and threaten Respondent Boscaino Collision & Towing Corp. to discontinue the Federal Court Action, where it appears that there will ultimately be multiple plaintiffs and/or a class action against the Meola defendants.

36.  The following are additional reasons why the two motions for sanctions are

improper.

37. It is alleged in the Federal Complaint that the Meola engages in a scheme in which they intentionally sue parties in improper venues, such as the Supreme Court of New York in Albany County, serve parties in an improper manner to avoid Defendants from having legitimate notice of such actions, so the Law Office of Rudolph J. Meola can collect judgments against parties, some of whom are not truly liable to anyone, without such Defendants ever being able to properly defend the action.

38. The Respondent in this case is just one of, upon information and belief, many Defendants who were sued by clients of the Law Office of Rudolph J. Meola and whom were, and are, not even aware of the same until judgment enforcement and collection efforts have been commenced by the Law Office of Rudolph J. Meola against such Defendants. That is one issue to be determined in the Federal Court Action.

39. Upon information and belief, in many cases, the respondent towing companies or auto body shops do not even become aware of a lawsuit and order to show cause filed by Meola until Meola has obtained a judgment in Albany County, because service of the orders to show cause are served by Meola on the New York Secretary of State, and the New York Secretary of State then mails the order to show and the papers upon which it was granted to the respondent towing companies or auto body shops, but often there is a judgment granted before the respondent towing companies or auto body shops receive the order to show cause. That is another issue to be determined in the Federal Court Action.

40. The Federal Complaint properly asserts that Meola acts as a debt collector on behalf a number of automobile leasing companies, and improperly sues garages as well as tow truck companies in Albany County instead of the county the garages and tow truck companies are

located. That is another issue to be determined in the Federal Court Action.

41. The allegations in the Federal Court Action are that Meola improperly brings these action in Albany County because they know that the garages and tow truck companies either do not even receive notice of the allegations asserted against them, knowing that the service of the petitions do not put the garages and tow truck companies on notice. That is another issue to be determined in the Federal Court Action.

42. As previously stated, the Federal Complaint has nothing to do with this action, except that (a) the Respondent in this proceeding is also a plaintiff in the Federal Court Action and (b) Petitioner's *counsel* in this case is a Defendant in the Federal Court Action.

43. As per the allegations made in this motion, the Petitioner's counsel is in clear violation of the CPLR § 4547 which states: "Evidence of (a) furnishing, or offering or promising to furnish, or (b) accepting, or offering or promising to accept, any valuable consideration in compromising or attempting to compromise a claim which is disputed as to either validity or amount of damages, shall be inadmissible as proof of liability for or invalidity of the claim or the amount of damages."

44. Nicholas A. Duston, Esq. of Norris McLaughlin, P.A., attorneys for the Meola defendants, filed a notice of appearance in the Federal Court Action on October 12, 2023.

45. On October 17, 2023, United States District Judge Frederic Block issued an order which states "*The parties are reminded that they are obligated to discuss the prospect of settlement and may be required to provide the Court with a report of such discussions*" **(Exhibit "3" – Federal Court Order for Settlement Discussions)**, and the parties were obligated to have a telephone call to discuss possible settlement of the Federal Court Action.

46. Thereafter, on October 19, 2023, Mr. Duston sent an email to our firm to arrange

8

the telephonic settlement conference required by Judge Block **(Exhibit "4")**.

47. On October 27, 2023, I participated in a SETTLEMENT TELEPHONE CONFERENCE with Nicholas A. Duston, Esq. of Norris McLaughlin, P.A. and Jared Rosen, Esq. of my office.

48. The SETTLEMENT TELEPHONE CONFERENCE with Nicholas A. Duston, Esq. of Norris McLaughlin, P.A. was for a total of 3024 seconds or over 50 minutes as shown by Rosen Law LLC's telephone system:

| Date/Time | Type | From | To | | | Duration |
|---|---|---|---|---|---|---|
| 10/27/2023 12:36:36 PM | Outbound Long Distance | Rosen, Jared 227 | 908.252.4208 | External | - | 3024s |
| 10/27/2023 12:35:39 PM | Internal Internal | Rosen, Gary 223 | Rosen, Jared 227 | Rosen, Jared 227 | Rosen, Jared 227 | 3079s |

49. There were a lot of things discussed in the 50 minutes telephone conference call *for settlement purposes* as directed by Judge Block's Order, none of which was threatening, and all having to do with the Federal Court Action. Nicholas A. Duston, Esq. of course discussed the instant case as well as the Federal Court Action.

50. In support of this frivolous Motion, the non-party movant, Meola, submitted an affidavit of Matthew C. Wells, Esq. as NYSCEF Doc. No. 84, stating that he, Matthew C. Wells, Esq. "joined Mr. Duston for a call with opposing counsel in the EDNY Lawsuit" (See NYSCEF Doc. No. 84, Paragraph "2").

51. At no time did Nicholas A. Duston, Esq. ever disclose to me, to Jared Rosen, Esq. or Joseph Noonan, Esq. of my office that Matthew C. Wells, Esq. was "listening" into the call.

52. We had no knowledge that Matthew C. Wells, Esq. was listening to the call, as Nicholas A. Duston, Esq. never stated that anyone else was on the call, although I properly disclosed that I, Jared Rosen, Esq. and Joseph Noonan, Esq. were on the call.

53. The affidavit of Matthew C. Wells, Esq. as NYSCEF Doc. No. 84 is an issue for

9

the Federal Court Action, because if Matthew C. Wells, Esq. was listening into the call, he never disclosed it and Nicholas A. Duston, Esq. never disclosed it, and Judge Block will be made aware of that during the conference scheduled with Judge Block on November 17, 2023.

54. Additionally, the affidavit of Matthew C. Wells, Esq. contains some of the *confidential settlement discussions* that were discussed in the SETTLEMENT TELEPHONE CONFERENCE ordered by Judge Block.

55. The affidavit of Matthew C. Wells, Esq. (NYSCEF Doc. No. 84) is not correct, and is barred from submission because the entire single telephone call between me, Jared Rosen, Esq. and Joseph Noonan, Esq. with Nicholas A. Duston, Esq. *was for settlement purposes only*, specifically pursuant to the Order of Judge Block which states "The parties are reminded that they are obligated to discuss the prospect of settlement and may be required to provide the Court with a report of such discussions", which was initiated by Mr. Duston himself **(Exhibit "4")**.

56. It is a violation of court rules, violations of the CPLR, and violation of Federal Rules of Evidence, Section 408 to submit an affidavit containing settlement discussions, and Respondent Boscaino Collision & Towing Corp. will likely file a motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure against Nicholas A. Duston, Esq. and Matthew C. Wells, Esq. of Norris McLaughlin, P.A.

57. According to the New York State Unified Court System, Matthew C. Wells, Esq. of Norris McLaughlin, P.A. is not admitted to practice law in the State of New York.

58. Upon information and belief, Matthew C. Wells, Esq. of Norris McLaughlin, P.A. is not admitted to practice law in the United States District Court for the Eastern District of New York.

59. According to the New Jersey Courts, Matthew C. Wells, Esq. of Norris McLaughlin,

P.A. was admitted to practice law only in the State of New Jersey on January 22, 2021.

60. On November 3, 2023, I received an email from Nicholas A. Duston, Esq. of Norris McLaughin, P.A. who are the attorneys representing Meola in the Federal Court Action.

61. The email states **"FOR SETTLEMENT PURPOSES ONLY"** with specific details of a settlement proposal to Respondent Boscaino Collision & Towing Corp. made by Nicholas A. Duston, Esq. of Norris McLaughin, P.A. on behalf of Meola.

62. I cannot disclose the settlement proposal made by Nicholas A. Duston, Esq. of Norris McLaughin, P.A. on behalf of Meola because as the Court knows, if something is for settlement purposes only, it is not admissible in any action.

63. The telephonic settlement discussion that was held by my firm with Mr. Duston on October 27, 2023 was for settlement purposes only, and in that discussion there were different discussions of how the Federal Court Action could be settled.

64. I cannot discuss the substance of the settlement discussions but the discussions were held as required by United States District Judge Frederic Block's Order. Now, non-party movant Meola is trying to introduce the settlement discussions into this motion, when non-party movant Meola was not privy to the discussions and such discussions were for settlement purposes only.

65. The Federal Court Action is and will be a very large action with substantial damages that will be due to the many towing companies and auto body shops in the downstate region that have lost money due to Meola's action.

66. The case before this Court is small in value, as the Petitioner VW Credit Inc. sought approximately $8,000 from Respondent Boscaino Collision & Towing Corp.

67. Respondent Boscaino Collision & Towing Corp. in no way would have agreed to settle the case before this Court by discontinuing the Federal Court Action, which is a much larger

case, which will involve many more plaintiffs.

68. The affidavit of Matthew C. Wells, Esq. is false and not accurate, should this Court wish to read it, although this Court should not read the affidavit of Matthew C. Wells, Esq. because it involve settlement discussions which were held pursuant to a federal court order.

69. During the 50 minute telephone call, I did not state that Meola had to get Petitioner VW Credit Inc. to settle this instant action, as that alone would never get Respondent Boscaino Collision & Towing Corp. to settle the Federal Court Action.

70. During the 50 minute telephone call, I did not state that Meola had to get Petitioner VW Credit Inc. to accept $5,000 to settle this proceeding, because that would not get Respondent Boscaino Collision & Towing Corp. to settle the Federal Court Action.

71. Having to respond to the claim in the affidavit of Matthew C. Wells, Esq., paragraph "3", if this Court opts to read the affidavit of Matthew C. Wells, Esq., John Dubuc, Esq. an attorney at non-party movant Meola did state to Joseph Noonan, Esq. in the past that Petitioner VW Credit Inc. wanted $8,000 to settle this case. That had nothing to do with settling the Federal Court Action.

72. The verbatim statements made in paragraph "4" of the affidavit of Matthew C. Wells, Esq. leads me to believe that the telephone call was recorded, **which is a crime, as I was located in Florida at the time of the call which has a two party consent requirement**, Jared Rosen, Esq. was located in New York, Joseph Noonan, Esq. was located in Illinois, and upon information and belief, Nicholas A. Duston, Esq. of Norris McLaughlin, P.A. was located in New Jersey.

73. The affidavit of Matthew C. Wells, Esq. does not correctly state what I said, nor what Nicholas A. Duston, Esq. said, what Jared Rosen, Esq. said or what Joseph Noonan, Esq.

said.

74. Matthew C. Wells, Esq. said nothing during the October 27, 2023 settlement telephone discussion because he was never disclosed by Nicholas A. Duston, Esq. as having been a person listening into the conversation.

75. The fact is that Respondent Boscaino Collision & Towing Corp. did not name Petitioner VW Credit Inc. in the Federal Court Action.

76. Respondent Boscaino Collision & Towing Corp. will be filing an amended complaint in the Federal Court Action as of right pursuant to the Federal Rules of Civil Procedure after a November 17, 2023 conference with United States District Judge Frederic Block.

77. Contrary to the statement made by Matthew C. Wells, Esq. in paragraph "5" of his affidavit (NYSCEF Doc. No. 84), I never stated, nor implied, that the Federal Court Action was filed by Respondent Boscaino Collision & Towing Corp. "in part, to force Mr. Meola to convince VW Credit to settle the Albany lawsuit".

78. Contrary to the statement made by Matthew C. Wells, Esq. in paragraph "5" of his affidavit (NYSCEF Doc. No. 84), I never stated, nor implied, that "Boscaino and Mr. Rosen intended to amend the EDNY Lawsuit's complaint to 'hurt' Mr. Meola by naming his clisents in a RICO (i.e. racketeering) lawsuit, and to use that threat to 'hurt' Mr. Meola's business to botain what they wanted in the Albany lawsuit".

79. Matthew C. Wells, Esq. states that "When I heard these parts of the conversation, **I understood** Mr. Rosen to mean two things…".

80. Matthew C. Wells, Esq. misunderstood, because he did not hear any threats or attempts for Meola to convince VW Credit of anything.

81. The Federal Court Action is a very detailed action and has many damaged

13

companies that will be joining into that Federal Court Action, and resolution of the present proceeding pending in this court has no bearing on the Federal Court Action.

82. I informed Nicholas A. Duston, Esq. that there would be more plaintiffs in the Federal Court Action while discussing the Federal Court Action in the settlement conference telephone call on October 27, 2023.

83. I advised that pursuant to the Federal Rules of Civil Procedure that because there has been no answer filed by Meola in the Federal Court Action, Federal Court Action Plaintiff Boscaino Collision & Towing Corp. would be amending the complaint **as of right**, because there would be additional plaintiffs in the Federal Court Action.

84. I explained to Nicholas A. Duston, Esq. that a number of additional parties want to become plaintiffs in the Federal Court Action, and once they do, we have to represent all of the plaintiffs in the Federal Court Action to each of the plaintiff's best interests.

85. All necessary parties will be parties in the Federal Court Action.

86. The fact that Matthew C. Wells, Esq. filed an affidavit, and not Nicholas A. Duston, Esq. further shows Petitioner's attempt to conceal the fact that the attorney who is representing Petitioner's *counsel* in the Federal Court Action, is blatantly interfering with *this* action.

87. Nicholas A. Duston, Esq. knew that he could never file an affidavit in this action discussing settlement discussions, so he had an attorney admitted for less than three (3) years, Matthew C. Wells, Esq. who did not participate in the call at all, and whom I was not even aware was on the phone, sign an affidavit disclosing settlement discussions in violation of the Federal Rules of Evidence and the CPLR.

88. In the Federal Court Action, I will be demanding the telephone records from Norris McLaughlin, P.A. to see if the telephone call was illegally recorded, as at the time that the call

occurred, I was located in the State of Florida which is a two party consent case when it comes to phone call recording and both Nicholas A. Duston and Matthew C. Wells would be violating my legal rights by recording that settlement discussion telephone call.

## STANDARD OF REVIEW FOR SANCTIONS

89. Pursuant to 22 NYCRR Section 130-1.1. This Rule allows a Court to impose financial sanctions when a party engages in frivolous conduct, which has been defined as "...conduct is frivolous if: (1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; (2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another."

90. In applying this standard this Court should find that no such behavior has not been proven nor is a hearing warranted at this time to determine that the Respondent has engaged in such activity, see Rizvi v N. Shore Hematology-Oncology Assoc., P.C., 69 Misc 3d 1212[A], 2020 NY Slip Op 51281[U], at 13 (Sup Ct, Suffolk County 2020).

91. Thus this Court should find that "Costs, attorney's fees and sanctions will, therefore, be denied" Cruz v Amsterdam Hous. Auth., 174 Misc 2d 189, 192 (Sup Ct, Albany County 1997).

## SANCTIONS ARE NOT MERITED

92. This Court should deny the motion for sanctions in its entirety because the Settlement Discussions held with regards to the Federal Court Action were within the merits of the law.

93. Similar to Petitioner's prior motion for sanctions the case law cited by petitioner is inapplicable to the facts before this Court.

94. Petitioner's counsel only refers to two related cases in support of their claim for

15

sanctions: Jalor Color Graphics v Universal Adv. Sys., 193 Misc 2d 76, 77 (App Term 2002) and Jalor Color Graphics v Universal Adv. Sys. 2003 NY Slip Op 19106 2 AD3d 165 (1st Dept. 2003).

95. Neither of the cases cited by Petitioner are relevant to this case.

96. In Jalor Color Graphics v Universal Adv. Sys., 193 Misc 2d 76, 77 (App Term 2002) the court found that "the threats of criminal prosecution made by defense counsel during the course of the underlying civil lawsuit were 'part of a calculated, deliberate strategy designed to harass plaintiff into folding its litigation hand, … and cannot be tolerated.'" Id. and on that basis granted sanctions. This matter was then brought before the First Department where the First Department found upheld an award of sanctions because even after the court awarded sanctions "appellant moved to hold plaintiff, its principal and counsel in contempt for perjury. There the Court found that "[s]uch baseless threats constituted frivolous conduct undertaken primarily to harass and intimidate an adversary, and to frustrate resolution of this commercial litigation (see 22 NYCRR 130-1.1 [c] [2])" Id. and made this decision based off the alleged crime of perjury.

97. Here, there have been no such threats of criminal prosecution as were made in both Jalor Color Graphics v Universal Adv. Sys., 193 Misc 2d 76, 77 (App Term 2002) and Jalor Color Graphics v Universal Adv. Sys. 2003 NY Slip Op 19106 2 AD3d 165 (1st Dept. 2003) making both of these cases entirely irrelevant.

98. Instead, Respondent's counsel was attempting have the settlement conference as ORDERED by JUDGE FREDERIC BLOCK, as stated above.

99. Upon review of the Motion for Sanctions, Petitioner's *counsel* asserts several basis for sanctions, none of which are supported by law.

100. Petitioner's *counsel* is once again trying to litigate the Federal Action in this case which is both procedurally improper and constitutes frivolous behavior that should be sanctioned

by this Court.

101. It is once again respectfully submitted that this Court should not only dismiss the instant Motion for Sanctions filed by Petitioner's *counsel*, but should, *sua sponte*, issue sanctions against Petitioner and its counsel, the Law Office of Rudolph J. Meola, for even filing this Motion in very obvious bad faith with no purpose other than to use this forum to (a) retaliate against Respondent and its counsels for serving a legitimate and common legal safeguard in furtherance of a separate action, and (b) attempt to obtain a more favorable outcome for itself in the Federal Court Action which *Petitioner* is not a party to.

102. In Tricarico v Baer, 2017 NY Slip Op 31343[U], at 6 (Sup Ct, Suffolk County 2017) the court found that sanctions were warranted based on the repetitive motions brought one of the parties seeking the same relief. That court found that "Needlessly making a motion for identical relief while a motion for the same relief is pending is repetitive, vexatious and frivolous (Bergstein v. Bergstein, 207 A.D.2d 285, 615 N.Y.S.2d 382 (1st Dept. 1994)" and granted sanctions against the party making the repetitive motions.

103. This Court should find that the nature of this motion is basically identical to the prior application for sanctions, and Petitioner's *counsel* is seeking to abuse this Court's procedures by filing multiple motions requesting the same relief.

104. Accordingly, the instant Motion should be denied in its entirety and this Court should, *sua sponte*, impose sanctions against Petitioner and its counsel should this Court find the same is warranted as we elected not to file a Cross Motion for Sanctions in this case as a courtesy to our adversaries, for once again filing a successive motion for sanctions.

17

**WHEREFORE,** Respondent and their counsel respectfully requests an order from this Court denying Petitioner's counsel's motion for sanctions in its entirety, granting sanctions against Petitioner VW Credit Inc. and their attorneys, Rudolph J. Meola, Law Office of Rudolph J. Meola and for such other and further relief as is just and proper.

Dated: November 10, 2023

Respectfully submitted,

Gary Rosen, Esq.
Rosen Law LLC
Attorneys for Respondent
216 Lakeville Road
Great Neck, New York 11020
516-437-3400

## WORD COUNT CERTIFICATION

I hereby certify pursuant that the document was prepared on a computer using Microsoft Word.

A proportionally spaced typeface was used, as follows:

Name of Typeface: Times New Roman
Point Size: 12
Line Spacing: Double

The total number of words in this document is 5,176 words.

Dated: November 10, 2023

                                              Respectfully submitted,

                                              Gary Rosen, Esq.
                                              Rosen Law LLC
                                              Attorneys for Respondent
                                              216 Lakeville Road
                                              Great Neck, New York 11020
                                              516-437-3400