# EXHIBIT R

PRESENT: HON. THOMAS J. McNAMARA
        Acting Justice

STATE OF NEW YORK
SUPREME COURT      COUNTY OF ALBANY

---

Matter of the Special Proceeding Application of

TOYOTA MOTOR CREDIT CORPORATION,

                              Petitioner,

-against-

A. ERNIES AUTO BODY and THE NEW YORK
STATE DEPARTMENT OF MOTOR VEHICLES,

                              Respondents.

**JUDGMENT**
Index No.: 5544-12
RJI No.: 01-12-108264

---

(Supreme Court, Albany County, Motion Term)

APPEARANCES:    Meola Law Firm
                      (By: Rudolph J. Meola, Esq., of Counsel)
                      *Attorney for Petitioner*
                      1822 Western Avenue
                      Albany, New York   12203

                      Harold M. Somer, P.C.
                      (By: Harold M. Somer, Esq., of Counsel)
                      *Attorney for Respondent, A. Ernies Auto Body*
                      1025 Old Country Road, Suite 404
                      Westbury, New York   11590

---

McNamara, J.

Petitioner brought this action pursuant to Lien Law §201-a to challenge the validity of a garageman's lien asserted under Lien Law §184.[1] A. Ernies Auto Body (respondent) maintains that it is owed storage fees of $13,252.25 and $521.40 for repairs to a 2011 Toyota owned by petitioner. The vehicle had been

---

[1] In conjunction with commencing this proceeding plaintiff posted an undertaking of $20,000.

*Toyota Motor Credit vs. A. Ernies Auto Body*
*Index No.: 5544-12; RJI No.: 01-12-108264*

leased to Irvine Shand who abandoned the vehicle after it was taken to respondent to determine the extent of needed repairs following an accident. Respondent has moved for an order changing the venue of the action.

Respondent asserts that venue in Albany County is improper based on the provisions in CPLR 511, 503(a) and 506(a). CPLR 503 provides that "[e]xcept where otherwise prescribed by law, the place of trial shall be in the county in which one of the parties resided when it was commenced." Petitioner placed venue in Albany County based on the location of the Department of Motor Vehicle (DMV) principal office in the City of Albany (see Vehicle & Traffic Law §200[1]). Respondent contends that the DMV is not a necessary party to the action and was joined only for the purpose of allowing petitioner to lay venue in Albany County.

Parties to an action may be classified as either necessary (CPLR 1001) or permissive (CPLR 1002). Necessary parties are those who ought to be parties if complete relief is to be accorded between the persons who are parties to the action, or those who might be inequitably affected by a judgment (CPLR 1001). "Persons against whom there is asserted any right to relief jointly, severally, or in the alternative, arising out of the same transaction, occurrence, or series of transactions or occurrences, may be joined in one action as defendants if any common question of law or fact would arise." (CPLR 1002).

This action was brought on by order to show cause in which petitioner sought, and the court granted, a provision enjoining the DMV from transferring title to the vehicle during the pendency of the action. Respondent argues that this relief was unnecessary because the order to show cause also directed that the vehicle be turned over to petitioner upon posting of a bond and also prohibited the sale or transfer of the vehicle or removal from its current location except for transfer to petitioner. The argument assumes that in all instances the party holding the vehicle will comply with the order. In seeking relief, however, petitioner

*Toyota Motor Credit vs. A. Ernies Auto Body*
*Index No.: 5544-12; RJI No.: 01-12-108264*

should not be limited by this assumption and had the right to seek the additional relief of freezing title. As such, the DMV, though not a necessary party, was properly joined. It follows that, inasmuch as the principal office of the DMV is in Albany County, venue of the action here is proper.

Lien Law §184 provides that a person keeping a place for the storage, maintenance or repair of motor vehicles and who in connection therewith tows, stores, maintains or repairs any motor vehicle at the request or with the consent of the owner has a lien on such motor vehicle for the sum due and owing for such repairs or storage. A person holding such a lien may sell the property to satisfy the lien (Lien Law §200) if, before the sale, the lienor serves a notice on the owner of the property and others holding a security interest or lien specified in the statute (Lien Law §201). Where, as here, the validity of the asserted lien is challenged, the person asserting the lien must establish the following elements: (1) the purported lienor is the bailee of the vehicle(2) it has performed services or stored the vehicle at the request of or with the vehicle owner's consent; (3) there was an agreed-upon price or, if no agreement on price had been reached, the charges are reasonable for the services supplied; and (4) the garage, if required, is a duly registered motor vehicle repair shop as required under article 12-A of the Vehicle and Traffic Law (see *National Union Fire Ins. Co. v Eland Motor Car Co.*, 85 NY2d 725).

Petitioner argues that any asserted lien is invalid because, as the owner, it never consented to the repairs or storage. Respondent contends that the repair work and storage were authorized by Shand who agreed to be responsible for the costs because the insurance coverage he obtained did not include collision coverage. According to respondent, it relied on the insurance coverage to establish that Shand was the owner of the vehicle.

Because the lien can only be created when the owner consents to the charges (Lien Law § 184) and

*Toyota Motor Credit vs. A. Ernies Auto Body*
*Index No.: 5544-12; RJI No.: 01-12-108264*

the owner denies consent, a lien could only be created if Shand was acting with the authority of the owner. "Apparent authority will only be found where words or conduct of the principal--not the agent--are communicated to a third party, which give rise to a reasonable belief and appearance that the agent possesses authority to enter into the specific transaction at issue" (*Edinburg Volunteer Fire Co., Inc. v Danko Emergency Equip. Co.*, 55 AD3d 1108, 1110 [3d Dept 2008]). "The mere creation of an agency for some purpose does not automatically invest the agent with apparent authority to bind the principal without limitation" (*Id.* at 1110 quoting, *Ford v Unity Hosp.*, 32 NY2d 464, 472 [1973]). " 'Parties dealing with an agent do so at their own peril and must make the necessary effort to discover' the true scope of the agent's authority" (*Id.* at 1111 quoting, *Barden & Robeson Corp. v Czyz*, 245 AD2d 599, 600 [3d Dept 1997]).

Though an insurable interest in property is necessary to obtain insurance coverage in New York State, an insurable interest in property includes "any lawful and substantial economic interest in the safety or preservation of property from loss, destruction or pecuniary damage." (Insurance Law §3401). Considering this broad definition of an insurable interest and given that the certificate of title constitutes the ownership document in New York (15 NYCRR §20.1) respondent could not rely on the presence of insurance to establish apparent authority much less ownership. Though respondent argues that industry custom does not require that a garageman undertake an investigation to determine ownership, the statute which gives rise to the asserted lien does. Inasmuch as the owner did not consent to the repairs or storage charges, and it has not been shown that Shand had the authority to do so, a lien was not created though respondent may have recourse against Shand based on whatever contractual rights were created.

Accordingly, it is

ORDERED, that the motion to change venue is denied and it is further

-4-

*Toyota Motor Credit vs. A. Ernies Auto Body*
*Index No.: 5544-12; RJI No.: 01-12-108264*

ORDERED AND ADJUDGED AND DECREED, that respondent does not have a lien for the costs of repairs to, or storage of, a certain 2011 Toyota motor vehicle bearing VIN: 4T1BF3EK4BU731881.

This constitutes the decision and order of the Court. The original decision and order are returned to the attorney for petitioner. A copy of the decision and order and the supporting papers have been delivered to the County Clerk for placement in the file. The signing of this decision and order, and delivery of a copy of the decision and order shall not constitute entry or filing under CPLR 2220. Counsel is not relieved from the applicable provisions of that rule respecting filing, entry and notice of entry.

SO ORDERED.
ENTER.

Dated: Saratoga Springs, New York
February 7, 2013

Thomas J. McNamara
Acting Supreme Court Justice

Papers Considered:

1. Order to Show Cause October 11, 2012;
2. Petition with Exhibits A and B annexed thereto;
3. Affirmation in Opposition of Harold M. Somer, dated December 6, 2012;
4. Affidavit of Dawn Carrothers, sworn to December 11, 2012;
5. Reply Affirmation of Rudolph J. Meola, dated December 11, 2012, with Exhibits 1 through 8 annexed thereto;
6. Notice of Motion to Change Venue dated December 15, 2012;
7. Affirmation of Harold M. Somer, Esq., dated December 15, 2012, with Exhibits A through F annexed thereto;
8. Affirmation Opposing Motion to Change Venue of Rudolph J. Meola, dated December 21, 2012, with Exhibits 1 and 2 annexed thereto; and
9. Reply Affirmation of Harold M. Somer, dated December 27, 2012, with Exhibit A annexed thereto; and
10. Supplemental Reply Affirmation of Harold M. Somer dated December 28, 2012.

-5-